**GEORGE RUBIN, Plaintiff**

**v.**

**RANDALL S. JOHNS, Defendant**

Civil No. 215/1982

Territorial Court of the Virgin Islands

Div. of St. Croix

June 27, 1985

RUSSELL B. JOHNSON, ESQ., Christiansted, St. Croix, V.I., *for plaintiff*

RANDALL S. JOHNS, Christiansted, St. Croix, V.I., *pro se*

CHRISTIAN, *Senior Sitting Judge*

## MEMORANDUM AND ORDER

### I. INTRODUCTION

Before the Court is a motion to vacate the Judgment entered by this Court on November 18, 1982. For the reasons appearing below, the motion will be granted.

### II. THE FACTS

On November 17, 1982, Plaintiff sued for repayment of a $1500 loan made to Defendant in or about 1979, to be repaid in September, 1981, with interest at the legal rate, from September, 1981.[1]

Defendant answered on April 6, 1982, denying the debt; alleging the affirmative defense that the nature of the relationship between the parties from the start was that of general business partners in

---

[1] The complaint alleges that interest is due at the legal rate computed from March 19, 1979, but it also alleges that the loan was not to be repaid until September, 1981. In Judgment dated November 22, 1982, interest was apparently inadvertently awarded Plaintiff from March 19, 1979, instead of from September, 1981, when the alleged debt first became due and payable.

two separate businesses which failed, and not that of lender and borrower; and counterclaiming for damages Plaintiff caused him by Plaintiff's breach of the partnership agreement, in the amounts of $15,000.00 compensatory damages and $50,000.00 as exemplary damages.[2]

Plaintiff filed a Reply to Defendant's counterclaim, which he styled "Answer to Counterclaim", on April 23, 1982, generally denying all the allegations thereof, but later admitted paragraphs 6, 7, and 11 of the Counterclaim, to wit, the names of the two businesses the parties were to operate as partners; the duties assigned to Plaintiff in the companies; and that Defendant requested Plaintiff to file a homeowner's insurance loss claim to reimburse the businesses for the cost of material belonging to the businesses which was lost when Plaintiff's house was flooded.[3]

The case came on for hearing on November 20, 1982. The Defendant did not appear, and was adjudged in default. After receiving evidence adduced by Plaintiff, the Court granted Judgment to the Plaintiff in the principal sum of $1,594.00, plus interest at the legal rate from March 19, 1979, together with costs and a reasonable attorney's fee. The Defendant's counterclaim was dismissed with prejudice. On fee affidavit filed, the Court also granted Counsel for Plaintiff $1,000.00 attorney's fee by Order dated December 20, 1982.

Defendant then retained Edward Haskins Jacobs, Esquire, who made his appearance as a co-counsel with Defendant, both of whom, on December 23, 1982, filed a "Motion for Relief from Judgment, a Motion to Vacate the Judgment, a Motion in Opposition to Awarding of Attorney's Fees, and a Notice of Appearance". These motions, all incorporated in a single document, were based (1) on Federal Rules of Civil Procedure 60(b), and Rules 7 and 50 of the Territorial Court, 5 V.I.C., Appendix IV, on the grounds that while Defendant and Attorney Zimmerman, who presumably was associated with him at the time, were in fact notified that the case was postponed to be heard on the merits on November 18, 1982, the hour was not specified; (2) that on this date the Defendant was in fact on the

---

[2] Defendant also alleged in the body of his Answer that he performed considerable legal work for Plaintiff at the agreed reduced hourly rate of $50.00, but prays for no award for this item in the ad damnum paragraph of his Answer.

[3] Viewed fairly in context, these admissions appear to clearly admit that the parties were in fact partners in business, and to impliedly, although not explicitly, admit that the monies spent by Plaintiff in his relationship with the Defendant were an investment in the firms and not a loan to the Defendant.

island, but no confirmatory notice of hearing was ever sent to Defendant Johns,[4] and to make matters worse, the case never appeared on the calendar for November 18, 1982, [of cases to be heard] on that day;[5] that since it was Defendant who was always punctual in prosecuting his defense and counterclaim in the case, and it was Plaintiff who, although he commenced the action, was more often than not dilatory to the point where he had to be continually literally pushed to take the steps necessary to prosecute his case in a timely manner, as a result of which he was sanctioned by the Court,[6] it is not likely that Defendant would have been inexcusably negligent in appearing for a trial he was so eager to have, that he has both a meritorious defense and a counterclaim, and therefore the Court in all fairness should grant Defendant relief from the judgment by invoking Federal Rules of Civil Procedure 60(b)(1) dealing with being saddled with a judgment because of excusable neglect, if indeed the fact situation of this case fairly admits of such a conclusion.

Defendant also asked for relief from the judgment by virtue of Subdivision (4) of Federal Rules of Civil Procedure 60(b), that the judgment is void: (a) for lack of due process, in that he was never

---

[4] Rule 55 Federal Rules of Civil Procedure states in pertinent part ". . . if the party against whom judgment by default is sought has appeared in the action, he shall be served with written notice of the application for judgment at least three (3) days prior to the hearing on such application". Rule 43 [governing practice in the Territorial Court] App. IV, Title 5 of the V.I. Code, provides: "The Clerk shall inform the parties or their attorney of the trial date as follows: (a) in actions by landlords for the removal of tenants at least two days before trial; (b) in all other actions at least 7 days before trial".

[5] At the hearing on Defendant's second motion to vacate the Judgment heard on June 27, 1985, Defendant also stated that while he was told in open Court on September 20, 1984, that the case would be heard on November 18, 1984, first, he was not told at what hour the case would be heard; and, second, the day before—November 17, 1984—he had his secretary call the Court to inquire at what hour the case would come on for trial, and she was told it was not calendared to be heard on that date. The undersigned Judge who was assigned to the case for the first time to hear arguments on this [second] motion to vacate, filed June 6, 1985, inquired of the Court Clerk in service at the hearing whether in fact the case was not calendared for hearing on the date appointed therefor, November 18, 1984, and after she made what appeared to be a thorough check, she replied that the case was in fact not calendared to be tried on November 18, 1984.

[6] By Order dated June 2, 1982, Plaintiff was ordered to comply with Defendant's "Request to Respond to Defendant's First Set of Interrogatories and Request for Production of Documents" forthwith, and to pay to Defendant on account of his attorney's fees, fees necessitated by the failure of Plaintiff to file a timely response. In the second line of the Order the word "Plaintiff's" obviously should read "Defendant's".

adequately, properly and legally notified of the time of the hearing, that is, the date and hour, and (b) that in his Answer and Counterclaim he demanded and was entitled to a trial by jury.[7]

A Motion for Reconsideration of the Judgment dated March 11, 1985, on the ground that even if the date of the trial had been told Defendant, adequate notice would require sending the notice of hearing giving an "hour time" as per the requirements of the Procedures Manual of the Territorial Court.[8] No order appears to have been entered on this motion, but on April 18, 1985, the Court entered an Order denying Defendant's motion to vacate the judgment based on the applicability of Federal Rules of Civil Procedure 60(b)(1) and (4).

A notice of appeal was filed on April 28, 1983. On December 1, 1983, the Court entered an Order striking the notice of appeal, on the ground that the appeal had not been perfected.

A Writ of Execution was requested on January 1, 1984, and again on November 5, 1984. While the Returns of the Marshal on these writs are not in the file, it appears from a Motion for Examination of Judgment Debtor dated February 6, 1985, and granted by Order of the Court dated February 8, 1985, that both writs were returned unsatisfied in whole or in part.

The Order was for examination of the judgment debtor in aid of execution on March 4, 1985, at 9:00 a.m.; postponed to April 24, 1985, by Order dated April 10, 1985; and postponed a second time to June 20, 1985, by Order dated April 22, 1985. Two days prior to the date set for the examination, the Defendant, on June 18, 1985, filed a second motion to vacate the Judgment entered against him on November 18, 1982, on the grounds that he was the victim of failure to comply with required notice requirements affording him due process.

Plaintiff filed an Opposition to the Motion on the grounds that (a) it is evidently based on the provisions of Federal Rules of Civil Procedure 60(b), and there is a one-year limitation, running from the date of the Judgment, to legally invoke this rule, and this Judgment was entered more than 2 1/2 years ago; (b) that a motion to vacate was previously made and denied by the Court; and (c) that (1)

---

[7] See the last paragraph of Defendant's Answer and Counterclaim on Page III thereof.

[8] The Procedures Manual provides, "Enter the hearing date, time, and Courtroom number assigned by the Judge on the notice of hearing. Send copies of notice of hearing to both attorneys. The notice of hearing is sent at least two weeks in advance of the hearing or trial date, except as otherwise ordered by the Court".

Court records will show Defendant was in Court on September 20, 1982, when the November 18, 1982, trial date was set, (2) that in Defendant's prior motion to vacate, which was denied, he admitted he was in Court on September 18 when the November trial date was set, and (3) that in a letter of Defendant attached to his motion of December 23, 1982, he said he will have no other choice but to proceed to trial on November 18, 1982, if an offer of settlement made by him for reciprocal dismissal of all claims by all parties was not accepted by Plaintiff by November 5, 1982.

Hearing on the aforesaid second motion to vacate took place on June 27, 1985, at 9:30 a.m., before Judge Alphonso A. Christian, the Honorable Judge Raymond L. Finch having recused himself.

### III. DISCUSSION

 We begin our discussion with a reminder that the law abhors judgments by default. This is particularly true where, as here, the Defendant, but for the failure to make it clear that he should be present in Court, not only on a particular day, but at a particular hour, was the party who the records make abundantly clear, in stark contrast to the behavior of the Plaintiff, did all he could to move the litigation along with orderly dispatch, including nudging and urging the Plaintiff on with the aid of the Court. True, he was told on September 20, 1982, in open Court, perhaps by the Judge himself, that the case would be heard on the merits on November 18, 1982. True, he admitted this in his prior motion to vacate the Judgment, which was denied. And it is also true that he wrote Counsel for Plaintiff prior to November 18, 1982, that if his offer for reciprocal dismissals of claim and counterclaim was not accepted by November 5, 1982, "I will have no other choice but to proceed to trial on November 18, 1982". But all of these grounds advanced and argued to show that Defendant had sufficient, unequivocal notice or knowledge of the hearing, failed to take into fair and adequate consideration the reasons given by Defendant for his non-appearance. In the face of the indisputable legal principle not favoring defaults, and in the light of the almost overzealous manner in which the Defendant prosecuted his defense from the beginning of the suit, is it reasonable to disbelieve him that while he was told the case would be tried on November 18, 1984, since he was not given the hour, he asked his secretary to call the Court to inquire as to the hour, and was told by the Court Clerk that the case was not even calendared for hearing on that day? Is it fair and reasonable to

disbelieve him when the attending clerk at the hearing on June 27, 1985, when this second motion to vacate was heard, confirmed that it is a fact that the case was not calendared for that day? It is true that the present trend of the law is to the effect that irregularities in giving notice as required by the rule [underscoring ours] should not invalidate the proceedings if the party to receive the notice did receive actual notice. Section 3, Restatement (Second) of Judgments.[9] But the notice clearly given must measure up to the standard required by the rule, and to measure up to that standard, here a sine qua non, it must be complete in every material constituent part, and the party to be legally bound by it must have actually received it. We find that the account given by the Defendant in this regard is true. In the fact pattern of this case we find that the notice of hearing given falls far short of meeting the standard contemplated and required by the Federal and Territorial Court applicable rules, and therefore there is no legal justification for denying Defendant the relief from the Judgment provided in Rule 60(b)(1) and (4) which he seeks. We hold that there was excusable neglect in his non-appearance for the trial on November 18, 1984. We further hold that the notice given being fatally defective, the Judgment was void and attackable and unenforceable at anytime as per Subdivision (4) of the Rule.

But the Defendant should also have a meritorious defense and should act without undue delay to justify vacating the Judgment. We find that he not only has what appears to be a meritorious defense (see our footnote No. 3 herein), but he also has a counter-claim, and acted without undue delay in attempting to assert his rights.

██ Where the provisions of the rules requiring the serving of notice on parties to bring them within the jurisdiction of the Court and to bind them by the Court's Judgments are not strictly complied with, such failure is fatal to the validity of the judgments, decrees or orders of the Court. This is particularly true where, as here, the judgments adversely affect vested property rights of the party or parties sought to be bound by the decisions of the Court. This principle of American Jurisprudence is too generally known and accepted to require supporting citations.

██ ██ Plaintiff argues that the motion is time-barred as relief under 60(b) Federal Rules of Civil Procedure may not be applied for

---

[9] 1 V.I.C. Section 4 makes the Restatements applicable to the Virgin Islands under certain conditions.

later than one year after the date of the judgment. This is true if the only ground for Defendant's motion is Federal Rules of Civil Procedure 60(b)(1). But we perceive this motion as sounding in subdivision (4) of the rule as well, that the judgment is void. There is no limitation as to when a void judgment may be the subject of legal attack. Not under the rule, nowhere in the law to our knowledge, and no authority to that effect has been cited to us. The material defects in the notice requirements referred to above were caused by excusable neglect, id. 60(b)(1), but they are such that they deny due process to Defendant, are jurisdictional in nature and stature, and therefore fall within the ambit of the provisions of subdivision (4) of the rule as well, that the judgment is void.

■ Plaintiff also argues that the judgment is res adjudicata, and therefore is impregnable. This is a wholly untenable and legally unacceptable argument. A void judgment that is unsatisfied cannot be res adjudicata in the light of Rule 60(b)(4). To the same fate we must consign his arguments that along the way there have been two unsuccessful writs of execution and one appeal which was dismissed because it was not perfected. All these steps are no more than the progeny, the fruits, of the poisoned tree, the void judgment, their hapless parent, and must suffer an identical fate. These subsequent steps, at best, were unfortunate, unsuccessful attempts to cure, and unjustly benefit from, the incurable.

■ But the worst affliction from which this judgment suffers is the fact that a timely and otherwise legally-made Demand for trial by jury was denied the Defendant. The right to trial by jury as declared by the Seventh Amendment to the Constitution of the United States shall apply in civil actions in the District Court of the Virgin Islands, except as otherwise provided by law. 5 V.I.C. Section 321. This right was extended to litigants in the Territorial Court. 4 V.I.C. Section 80. (Effective two years from January 1, 1977.) Defendant's counterclaim at least, if not the claim against him, falls within the purview of this right. The denial of this Constitutional right to the Defendant is fatal, and renders the entire trial to the Court without a jury null and void. We have examined the papers in the file very minutely, and we find not even a reference to this jury demand, and why it was not accorded due consideration.

IV.

For the foregoing reasons, the motion to vacate the judgment is granted.

## ORDER

This matter having come on for hearing this 27th day of June, A.D., 1985, at 9:30 a.m., before the Honorable Alphonso A. Christian, Judge, presiding; and the Plaintiff having appeared by his attorney, Russell B. Johnson, Esquire; and the Defendant having appeared pro se; and the Court having heard the arguments of counsel and taken into consideration all representations and presentations by them; and the Court being fully advised and satisfied in the premises; and the Court having issued its Memorandum Opinion on this date, it is hereby

ORDERED, ADJUDGED AND DECREED that the Judgment of this Court entered on November 18, 1982, in above-entitled matter be, and the same is, hereby vacated.