**UNITED STATES v. BRANDT et ux.**
No. 902.

District Court, D. Montana.
Feb. 18, 1948.

John B. Tansil, U. S. Dist. Atty. and Franklin A. Lamb, Asst. U. S. Dist. Atty., both of Billings, Mont., for plaintiff.

J. Paul Freeman and Ernest Abel, both of Great Falls, Mont., for defendants.

PRAY, District Judge.

The above entitled cause is before the court on the motions of plaintiff to strike the amended answer from the files, and for summary judgment against the defendants. The motions were argued orally by counsel for the respective parties, and twenty days were allowed for briefs, which were later filed, and the case thereafter submitted to the court for decision.

The proceeding for summary judgment was initiated following the failure of defendants to respond to the request of plaintiff under Rule 36 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, to submit admissions or denials of the genuineness of certain documents described in and attached to the complaint and also the truth of allegations contained therein. No response was made to this request and, therefore, if this and other pertinent rules were complied with, the matters inquired about should be held to be admitted.

The motion discloses that the request for admission was mailed by counsel for plaintiff from Billings, Montana, September 30, 1947, addressed to counsel for defendants at Great Falls, Montana, and, in the regular course of the mail, should have been received by them on October 1, 1947; that at the same time a duplicate of the request for admission was mailed to the clerk of the above court at Great Falls, Montana, and the filing date in the clerk's office is shown thereon as October 1, 1947. Rule 5(b) of the aforesaid Rules of Civil Procedure provides for service by mail, which is therein stated to be complete upon mailing.

It appears that on November 21, 1947, counsel for defendants admitted service of the motions to strike and for summary judgment, and that at the time of oral argument they offered for filing two affidavits to the effect that they had never received the request for admission, and thereupon counsel for plaintiff objected, claiming such affidavits were not filed in time and therefore should not be received. Rules 6(d) and 56(c) require opposing affidavits to be served not later than one day before the hearing, which was held December 5, 1947; the affidavits were served on counsel for plaintiff on that date.

On October 18, 1947, counsel for defendants applied for, and presented to the court an order, for leave to file an amended answer on or before October 28, which the court signed, not having been advised of the request for admission; the record does not show that any notice of this order was ever given counsel for plaintiff, or of application therefor, and counsel claim that no notice thereof was ever received, although it does appear that a copy of the amended answer was served upon counsel on October 29, 1947, having been filed the day before in the Clerk's office at Great Falls. The original answer was served September 29, 1947, and Rule 15 provides that amendment may be made at any time within twenty days after it is served, with provisos, and that the order allowing amendment was made within the time, in compliance with Rule 6(b).

In respect to request for admission it appears to be the rule that the party served, by doing nothing, will be deemed to have admitted the genuineness of the documents and the truth of the facts set forth. Moore's Federal Practice, Vol. 2, Pages 2657 and 2060. Thus far in the inquiry it appears that the decision of the court may require the interpretation or application of several of the Federal Rules. According to the court's understanding these rules, now being considered, have the same force and effect as other statutory enactments by Congress, but counsel in their brief have furnished no authorities whatever to sustain their position, or to

enable the court to find justification for granting the relief sought by the defendants, and the court has therefore been obliged to devote considerable time in a search for precedents. Congress authorized the Supreme Court to prescribe these Rules, and provided that after their promulgation: "all laws in conflict therewith shall be of no further force or effect." Sec. 723b, Title 28 U.S.C.A., and also in Sec. 723c that: "such united rules shall not take effect until they shall have been reported to Congress by the Attorney General at the beginning of a regular session thereof and until after the close of such session." As directed, the Attorney General reported the Rules to Congress, and no action was taken thereon during that entire regular session, and thus it appears that Congress by non-action gave its consent and approval to the Rules it had previously authorized the Supreme Court to prescribe. It has been held that: "The federal rules acquired force of federal statutes controlling all Federal District Courts after the rules went into effect on September 16, 1938, and since that date all conflicting laws ceased to have further force." Wieland, et al. v. Wickard, D.C., 4 F.R.D. 250. Under certain circumstances a court may waive its own rules, but "it cannot do so where the matter sought to be obviated is statutory, and where the rules with respect to the subject merely conform to the statute." Arends v. Frerichs, 192 Iowa 1318, 186 N.W. 457.

■ The granting of a summary judgment here would be somewhat in the nature of a default judgment entered against a defendant for failure to comply with the rules. Rules such as are applicable in this case are not merely directory but affect the substantial rights of the litigants. Under Rule 36 defendants failed to respond to request for admission, thereupon counsel for plaintiff moved for summary judgment under Rule 56. If the court had been advised of a pending request for admission under the original complaint and answer, leave for an amendment of the answer might have been deferred; however, the granting of leave was within the rule,

and the motions to strike and for summary judgment were filed subsequent to the service of the amended answer, and there appears to be little difference between the original and the amended answer, consequently, the court will overrule the motion to strike and consider the motion for summary judgment as addressed to the complaint and amended answer.

■ Federal Rules of Civil Procedure Nos. 5, 6, 7, 12, 15, 36, 56; Sections 723b and 723c, Title 28 U.S.C.A.; West Kentucky Coal Co. v. Walling, 6 Cir., 153 F. 2d 582, 583; Batson v. Porter, 4 Cir., 154 F.2d 566, 567; Independent Distillers, D. C., 34 F.Supp. 724. It has also been decided that: "Mandatory rules for trial courts, promulgated under the express direction of the legislature cannot be waived by a party, even with the consent of the court." 21 C.J.S., Courts, § 178, page 287. On the other hand, under certain circumstances a party may consent to the suspension of the rule, and waive the benefit thereof, but that would seem to have no application here, since in this case counsel for plaintiff has insisted upon a strict enforcement of the Rules.

■ Thus far the court has considered the facts, referred to the rules and submitted authorities showing their effect and binding force, and has noted certain incidents indicating a failure of compliance therewith. But after all has been said, the principal difficulty here, requiring further attention, started with the alleged mailing of the request for admission. The plaintiff in the motion for summary judgment states that the request was served upon counsel for defendants on October 1, 1947, pursuant to Rule 36; but it appears from the brief that the request for admission was mailed as follows: "The letter contained said enclosures and was addressed to Freeman and Abel, Attorneys at Law, Great Falls, Montana, and was deposited in the Post Office at Billings, Montana, on the 30th day of September, 1947, with postage prepaid." But it further appears from the record that no affidavit of mailing the request for admission was ever made and filed in this cause, and even the

motion and briefs do not show that the request was mailed to attorneys for defendants at any street number or office building, or to their "last known address," as provided in Rule 5(b). This is considered a fatal oversight by our Circuit Court of Appeals in Bowers v. E. J. Rose Mfg. Co., 9 Cir., 149 F.2d 612–614.

Counsel for defendants contended that they never received the request for admission, and offered in court their affidavits to that effect. It seems very clear that there must have been a strict observance of legal prerequisites to give the court authority to grant the motion in question, and that would necessarily require a strict compliance with the provisions of the Rule for a substituted service by mail. In the above authority a stronger case of substituted service by mail was presented; there an affidavit was filed giving a house address, but failing to state that it was the "last known address." In the instant case the address given was "Great Falls, Montana." The letter containing the request for admission may have gone to the General Delivery, where inquiry might never be made; or if an address had been given, it might not have been the last known address, unless so stated in an affidavit of mailing. There appears in the files of this case an affidavit of mailing, on a printed form, used by counsel for plaintiff, and in that instance it referred to mailing a bill of particulars to counsel for defendants, but failed to state that it was mailed to the "last known address."

It would seem from the decision above cited and from what has already been said that the court would be unable to find the ultimate fact upon which the summary judgment would have to be based, that is to say, that the request for admission was served upon counsel for defendants by mailing a copy of it to them addressed to their "last known address." Bowers v. E. J. Rose Mfg. Co. et al., supra. Consequently, the court is of the opinion that the motion for summary judgment should be denied, and such is the order herein, with exception to counsel for plaintiff.