**TIMMONS v. UNITED STATES.**

No. 6367.

United States Court of Appeals
Fourth Circuit.

Argued March 5, 1952.

Decided April 1, 1952.

358

Annie Mary Timmons, pro se.

William A. Moran, Special Litigation Atty., Office of Rent Stabilization, Washington, D. C. (Ed Dupree, Gen. Counsel, and A. M. Edwards, Jr., Asst. Gen. Counsel, Office of Rent Stabilization, Washington, D. C., on brief), for appellee.

Before PARKER, SOPER and DOBIE, Circuit Judges.

SOPER, Circuit Judge.

This suit was brought by the Housing Expediter against Annie Mary Timmons to obtain a mandatory injunction requiring the defendant to refund overcharges of rent which the defendant had exacted from 31 persons in various amounts as tenants of 24 apartments owned and operated by her in 6 locations in Columbia, South Carolina. The overcharges were in excess of the legal maximum prescribed by the regulations issued by the Expediter under the authority of the federal statutes.[1]

The complaint specified the names of the tenants, the location of the apartments, the amount of the overcharges and the period for which they were paid. The answer of the defendant admitted the ownership and operation of the apartments but denied the overcharges. A trial was had at which no defense on the merits was presented. The Expediter offered evidence in support of the overcharges specified in the complaint, the defendant offered no countervailing evidence, and the judge made findings of fact in favor of the Expediter for the amounts claimed and entered judgment directing the defendant to restore to the Expediter, for the use and benefit of the tenants named, the amounts of the overcharges received from them in the aggregate sum of $1823.08.

The appellant, who conducted the case in the District Court and in this court in proper person, contends that the judgment should be reversed because (1) the case

1. See the regulations at 10 F.R. 13, 528 issued pursuant to the Emergency Price Control Act of 1942, as amended, 50 U. S.C.A.Appendix, § 901 et seq., and regulation at 12 F.R. 4321 issued under the Housing and Rent Act of 1947, as amended, 50 U.S.C.A.Appendix, § 1881 et seq. The suit was brought under Section 206 (b) of the Housing and Rent Act.

was abandoned by the Expediter before it was called for trial and should therefore have been dismissed by the District Court; (2) she was denied a jury trial in the District Court; and (3) there was no proof of service upon her of certain unanswered requests for admission which constituted the only evidence offered by the Expediter in support of the complaint.

None of these contentions is tenable. The case was instituted on December 8, 1948 and tried on July 9, 1951. In the meantime, on October 13, 1950, the defendant moved to dismiss the complaint on the ground that during the summer term of the court in 1949 at Columbia an attorney for the plaintiff, after a long conversation with the defendant, concluded that the case should be dropped and said that if he found on his return to the Atlanta office of the Expediter that there was objection to dropping the case he would notify the defendant and that he did not later communicate with her. On June 23, 1951, shortly before the trial, the defendant filed a similar motion to dismiss supported by her affidavit in which she averred that she continued to attend sessions of the court after the summer of 1949 pursuant to notices from the clerk. In response to these motions the Expediter filed the counter-affidavit of the attorney named by the defendant to the effect that in the summer of 1949 he appeared in the District Court on behalf of the Expediter to try the case but the defendant requested and was granted a continuance; that on this occasion the defendant approached and talked to him for thirty to forty minutes about the merits of the case and requested him to dismiss it, and that he told her he was not sitting as a judge and could not dismiss the case, but if the Atlanta office of the Expediter was inclined to dismiss the action she would be advised in due course.

On this showing the judge overruled the motion to dismiss, and we find no error in this action. While a federal District Court is vested with inherent authority to dismiss an action for plaintiff's failure to prosecute it with reasonable diligence, the matter is one within the trial court's sound judicial discretion; and there is nothing in the record in the pending case to indicate an abuse of discretion in this respect. See Shotkin v. Westinghouse Elec. & Mfg. Co., 10 Cir., 169 F.2d 825. Not only was the delay in bringing the pending case to trial attributable in part at least to the defendant, but her action in continuing to attend sessions of the court without pressing the motion to dismiss, does not indicate her belief that the case had been abandoned.

Nor was there error in the denial of the defendant's demand for a jury trial. This motion was presented to the court for the first time along with her second motion to dismiss on June 23, 1951. Rule 38 (b) of the Federal Rules of Civil Procedure, 28 U.S.C.A., requires that in any issue triable of right by a jury, a demand therefor may be made in writing by any party not later than ten days after service of the last pleading directed to such issue. The last pleading herein, defendant's answer to the amended complaint, was filed April 29, 1949. Her failure to comply with the requirements of the rule amounted to a waiver of the right to jury trial if any she had. Moreover, she was not entitled to a jury trial in any event because the complaint sought injunctive relief in equity and presented an issue not triable before a jury. McCoy v. Woods, 4 Cir., 177 F.2d 354. Orenstein v. United States, 1 Cir., 191 F.2d 184, 188.

Defendant's third contention is also without merit. It is true that the Expediter confined his proof to the showing that the defendant had failed to make any response to requests for admission filed by the Expediter, which set out in meticulous detail the facts in regard to the overcharges of rent in suit; and that the court found these facts to be admitted by the defendant and based its judgment thereon. This action, however, was in accord with Rule 36 of the Federal Rules of Civil Procedure which provides that each of the matters of which an admission is requested shall be deemed admitted unless the party upon whom the request has been served shall, within a specified time, either deny the matters set out or object in writing on the ground of privilege or irrelevancy. There can be no doubt that the requests in the

present suit, if unanswered, were entirely adequate to furnish a basis for the court's findings of facts;[2] hence the defendant's third contention, which was advanced for the first time in the District Court after the entry of the adverse judgment, is confined to the claim that there was no proof that the requests for admission had been served upon her.

Rule 5(b) of the Federal Rules of Civil Procedure relating to the method of service provides that service upon a party shall be made by delivering a copy to him, or by mailing it to him at his last known address, and further provides that service by mail is complete upon mailing. In view of the important consequences that flow from the service of pleadings and other papers, the courts, quite rightly, have required the strictest and most exacting compliance with the rule when service is made by mail.[3]

In the pending case, however, the records of the court showed that the requests for admissions had been served upon the defendant in the manner prescribed by the rule. They were filed on April 22, 1949, in the clerk's office of the court, signed by the attorney of the Expediter, and attached to them was a certificate, signed by the same attorney, in the following words:

"Certificate of Service.

"I, Jas. G. Herndon, Litigation Attorney, Atlanta, Georgia, certify that I served the above Request for Admissions on defendant on the 20th day of April, 1949, by placing two (2) copies of same in a franked envelope, addressed to the defendant, Annie Mary Timmons, 1620 Laurel St., Columbia, S. C., her last known address, and depositing same in the United States mails at Atlanta, Georgia.

"Dated this 20th day of April, 1949.
"(Signed) James G. Herndon"

The requests were presented to the judge in the District Court after he had considered and denied defendant's motions for dismissal and for a jury trial. At this point in the trial the defendant left the courtroom and took no further part in the proceedings; but as she was leaving, according to her own statements, she heard the attorneys for the Expediter refer to the requests for admission. Nevertheless she made no protest and left the room.

The record therefore shows that the Expediter complied with the rule with respect to the service of the requests upon the defendant and that the court was justified in making them the basis for its judgment. It is now suggested that the certificate of service is inadequate because it was not supported by affidavit or by the sworn testimony at the trial of the attorney who mailed the requests; and we are referred to the decision in United States v. Brandt, D.C.Mont., 8 F.R.D. 163, where proof of service by mail, unaccompanied by affidavit, was held defective. The service in that case, however, was fatally defective, irrespective of the absence of an affidavit, because the requests were not mailed to any street number or office building or to the last known address of the attorneys for the defendant. There is no requirement for an affidavit in Rule 5 relating to the service and filing of pleadings and other papers, although in other situations the rules permit or require an affidavit. See Rules 6(d), 43(e), and 59(c). The contrast is especially noticeable in the requirement of Rule 4(g), in respect to the service of process necessary to bring in a defendant and subject him to the jurisdiction of the court, that if service is made by a person other than the United States marshal or his deputy, he shall make affidavit thereof.

Rule 5 relates to orders of court required by their terms to be served and to pleadings, motions and notices subsequent to the original complaint, and provides how serv-

2. See Batson v. Porter, 4 Cir., 154 F. 2d 566; Water Hammer Arrester Corp. v. Tower, 7 Cir., 171 F.2d 877; West Kentucky Coal Co. v. Walling, 6 Cir., 153 F.2d 582; Adventures in Good Eating v. Best Places to Eat, 7 Cir., 131 F.2d 809.

3. See, Bowers v. E. J. Rose Mfg. Co., 9 Cir., 149 F.2d 612; certiorari denied Fischer v. Bowers, 326 U.S. 753, 66 S.Ct. 91, 90 L.Ed. 451; United States v. Brandt, D.C.Mont., 8 F.R.D. 163.

ice shall be made; but it gives no direction as to how proof of service shall be made. It does prescribe that papers required to be served upon a party shall be filed with the clerk of the court within a reasonable time thereafter, Rule 5 (d, e); and this was done in the pending case by filing the requests accompanied by the certificate of service in the clerk's office two days after copies were mailed to the defendant on April 20, 1949. In the absence of any statutory requirement as to the form of proof, and of any objection at the trial to the acceptance of the attorney's certificate of mailing as sufficient, we are of opinion that the judge was justified in this case in accepting the certificate as proof of the service. The addition of an affidavit would perhaps have given a greater appearance of formality, but it would have added nothing to the effect of the certificate since it would constitute merely a voluntary act of the affiant; and the absence of the affidavit did not absolve the certifier from the criminal sanctions applicable to one who corruptly obstructs the administration of justice in the federal courts. See 18 U.S. C.A. § 1503. We have no occasion to decide what action a federal district court should take if the sufficiency of a certificate of service by mail, like that in this case, is seasonably challenged at or before the trial. We hold merely that in the absence of objection the court may accept such a certificate as was filed herein.

We find no error or abuse of discretion in the rejection by the District Court of the motion of the defendant filed by her after the entry of judgment and denominated by her a "motion for an order granting judgment for the defendant *non obstante veredicto*, or failing in that, a new trial." In an affidavit supporting the motion the defendant swore that she had never received any written request for admission of fact from plaintiff's counsel or otherwise, and that no copy thereof had ever been served upon her as required by Rule 36(a) of the Rules of Civil Procedure, and that the defendant first heard that the plaintiff made any such contention upon the date of the trial of the case.

It would be an intolerable obstruction to the administration of justice if a party should be permitted to remain silent or absent himself during the trial of a case and subsequently, after judgment had gone against him, to question for the first time. the regularity of the proceedings. Especially is this true when, as in the instant case, the effort to strike out the judgment is based entirely on procedural irregularity and no defense on the merits of the case is offered. Here the defendant relies entirely on the alleged defect in the service of the requests for admission but nowhere offers to show that the overcharges of rent were not actually made.

Since the defendant has appeared for herself and without an attorney both at the trial in the District Court and in this court, it is well to add that she is not without experience in litigation of this kind. An earlier case of similar character against her was before this court in 1946 in Timmons v. United States, 4 Cir., 158 F.2d 370, which involved an adjudication of the District Court holding her guilty of contempt of court by violating an injunctive order against demanding or receiving rents in excess of the maximum legal amount. We affirmed the adjudication of contempt but struck out the sentence, because it erroneously imposed both fine and imprisonment, and remanded the case in order that a proper sentence be entered. In that instance the defendant was represented by an attorney. In the present case she appears without counsel. She asserts that she attended in person all the sessions of the District Court between the summer of 1949 and the summer of 1951 when the trial took place, and that she left the courtroom after the rejection of her formal motions at the trial in order to get an attorney to represent her; but she made no effort to secure a postponement for this purpose and appeared subsequently in proper person to argue the motion for a new trial. The District Court in its opinion overruling the motion said:

"The defendant filed a voluminous brief in support of her motion, which, notwithstanding her often repeated as-

sertion that she had not been able to secure the services of an attorney to represent her, both in substance and arrangement, marks it as the handiwork of one with experience at the bar."

A brief of like character was filed upon the appeal in this court.

There was no error in the rulings of the District Court, but we note minor mistakes in the amount of the overcharge allowed in the judgment as compared with the amount shown in the admissions in three items, as follows:

| Item | Name of Tenant | Excess Allowance |
|------|----------------|------------------|
| 13. | Meller Knouse | $12.50 |
| 20. | James E. Campbell | 6.00 |
| 23. | J. D. White | 12.50 |
| | Total | $31.00 |

The judgment will therefore be reduced by this amount, and as so modified, will be affirmed.