**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

EDWARD AYANBIOLA,
Plaintiff-Appellant,

v.

No. 98-1172

DAN WUDSKE; RKW ASSOCIATES;
J. ALLEN OFFEN; SCIENCE PARK
ASSOCIATES, INCORPORATED,
Defendants-Appellees.

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
Deborah K. Chasanow, District Judge.
(CA-97-2332-DKC)

Submitted: July 31, 1998

Decided: August 20, 1998

Before WILKINS, WILLIAMS, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Chris C. Asher, UNIVERSAL LAW CENTER, Washington, D.C.,
for Appellant. Paul A. Kaplan, Erik D. Bolog, DAVID, HAGNER,
KUNEY & DAVISON, P.C., Washington, D.C., for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Edward Ayanbiola appeals from the district court's order dismissing for lack of subject matter jurisdiction his complaint alleging race and national origin discrimination in violation of federal and state law. We affirm.

This Court reviews a district court's dismissal for lack of subject matter jurisdiction de novo. See Robb v. United States, 80 F.3d 884, 887 (4th Cir. 1996). Title VI of the Civil Rights Act of 1964 prohibits federally assisted programs from discriminating against individuals on the basis of race, color, or national origin. See 42 U.S.C. § 2000d (1994). Ayanbiola has not demonstrated that the Defendants are the recipients of federal funds, and accordingly the district court properly found that there was no federal question jurisdiction. There is likewise no diversity jurisdiction under 28 U.S.C. § 1331 (1994), as Ayanbiola and all of the individual Defendants reside in Maryland, and the corporate Defendant has its principal place of business in Maryland. We therefore find that the district court did not err in dismissing Ayanbiola's complaint.

Although Ayanbiola claims that he received no notice of the Defendants' motion, and argues that the district court erred in not requiring the Defendants to offer proof of service, we note that unlike Fed. R. Civ. P. 4, addressing service of process, Rule 5, addressing service of pleadings, does not require proof of service via affidavit. See Timmons v. United States, 194 F.2d 357 (4th Cir. 1952). Further, we note that the district court's dismissal was not based upon Ayanbiola's failure to respond, but rather upon the lack of subject matter jurisdiction. As we agree with this determination, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument

2

would not aid the decisional process.

AFFIRMED

3