**PETER BAY OWNERS ASSOCIATION, INC., Plaintiff**

**v**

**ANDREW R. STILLMAN, JOY H. STILLMAN, JOHN G. CATTS, and STEILA J. ROEBUCK, Defendants JAMES HENRY, CAROL HENRY, L.D. KIRK, SUZANNE KIRK, SCOTT F. MEESE, DONNA G. MEESE, ARIE LIEBESKIND, DOREEN LEIBESKIND JIM R. HAYES, ZAQUIN S. HAYES, JEFFREY PRICE, STEVEN PAUL, JANN PAUL, ST. JOHN LAND INVESTMENT L.P., and ANDREWS ST. JOHN TRUST, Intervening Plaintiffs**

**v.**

**ANTONIO GODINEZ, BONNIE GODINEZ, PAUL DUE, GENEVIEVE DUE, and ETHLYN HALL, Intervening Defendants**

Civ. Action No. 97-0036

District Court of the Virgin Islands

Div. of St. Thomas and St. John

October 26, 1998

JAMES M. DERR, ESQ., St. Thomas, VI, *for plaintiff*

J. DARYL DODSON, ESQ., (LAW OFFICES OF MOORE & DODSON), St. Thomas, VI, *for defendants*

JOHN H. BENHAM, ESQ., (WATTS & BENHAM, P.C.), St. Thomas, VI, *for defendants*

GREGORY H. HODGES, ESQ., CHAD C. MESSIER, ESQ., St. Thomas, VI, *for plaintiffs*

HENRY C. SMOCK, ESQ., (LAW OFFICES OF HENRY C. SMOCK), St. Thomas, VI, *for defendants*

SAMUAL H. HALL, ESQ., (BIRCH, DEJONGH, HINDELS & HALL), St. Thomas, VI, *for defendant*

BROTMAN, *Judge*

Presently before the Court is the summary judgment motion of intervening defendants Antonio Godinez and Bonnie Godinez ("the Godinezes") and intervening defendants Paul Due and Genevieve Due ("the Dues") in which defendants Andrew Stillman and Joy Stillman ("the Stillmans") join, the summary judgment motion of intervening defendant Ethlyn Hall ("Hall"), the cross-motion of plaintiff Peter Bay Owners Association, Inc. ("Peter Bay"), and the cross-motion of intervening plaintiffs James Henry, Carol Henry, L.D. Kirk, Suzanne Kirk, Scott F. Meese, Donna B. Meese, Arie Liebeskind, Doreen Liebeskind, Jim R. Hayes, Zaquynn S. Hayes, Jeffory Price, Steven Paul, Jann Paul, St. John Land Investment L.P., and The Andrews St. John Trust ("intervening plaintiffs").

Also before the Court is intervening defendant Hall's motion to consolidate in which the Stillmans join.

433

## I. FACTUAL AND PROCEDURAL BACKGROUND

On August 21, 1975, this Court issued an opinion in the case of *Sammy (Lemme) Harthman, Sr. v. Vernon E. Harthman, Amiot W. Harthman and Ethlyn Lindqvist Hall* , 1975 U.S. Dist. LEXIS 16494, 12 V.I. 142 (D.V.I. 1975). The instant litigation, which comes before the Court more than twenty years after the *Harthman* decision, is in part a request to enforce various aspects of that decision.

The *Harthman* decision involved an action for partition which was commenced in November of 1970 by Lillian Harthman Cheng against her siblings, and their descendants. *See id.* at 146. Cheng sought a partition of Peter Farm of Estate Peter Bay, 2 aa Maho Bay Quarter, St. John, U.S. Virgin Islands ("Peter Farm"). *See* 12 V.I. at 146-47. On January 24, 1974, the Court appointed three commissioners to divide Peter Farm into a number of equal parcels. *See id.* at 146. On February 14, 1975, the commissioners submitted a report imposing a subdivision plan for the property upon Survey Drawing No. 1037-2 dated November, 1974. *See id.* at 156-57. In its August 21, 1975 judgment ("Partitioning Decree"), the Court approved this survey with five exceptions. *See id.* at 156-57. In accordance with this modified survey, the Court divided Peter Farm into six parcels and allocated the parcels among the parties to the action. *See id.* at 157-58.[1] The Court granted each landowner an easement for beach access ("beach easement") as well as an easement for the use of the roadways in Peter Farm. *See id.* at 158-59. For purposes of maintaining these roadways, the Partitioning Decree created a means for establishing a landowners associ-

---

[1] According to the Partitioning Decree, the beach easement affected Parcels 2A, 3A, 4A, 5A, and 6A which were awarded to Sammy Harthman (2A and 3A), Vernon Harthman (4A), Amiot Harthman (5A), and Ethlyn Hall (6A). *See Harthman* , 12 V.I. at 157-58. These parcel designations were assigned by the commissioners that the Court appointed to make recommendations as to the partitioning. *See* Defendant Stillmans' Joinder in Motion for Summary Judgment at 2. The parcels were later renumbered on two 1977 drawings created by Virgin Islands Engineering and Surveying, Inc. *See id.* Parcel 2A became parcel 2; parcel 3A became parcel 1; parcel 4A became parcel 10; parcel 5A became parcel 13, parcel 6A became parcel 16. *See id.* Today, the Godinezes own parcel 2. *See* Defendants' Motion for Summary Judgment, Exh. B. The Dues own parcel 1. *See id.* , Exh. C. The Stillmans own parcel 10. *See* Defendant Anser and Joy Stillman's Opposition to Intervening Plaintiffs' Cross-Motion for Summary Judgment, Exh. F. Hall continues to own parcel 16. *See* Affidavit of Ethlyn Hall, ¶ 2. The defendants and intervening defendants are therefore either original parties to the Partitioning Decree or successors in interest to the original parties.

ation which would assess the Peter Farm landowners for the roadway maintenance costs. *See id.* Furthermore, the Court ordered Virgin Islands Engineering and Survey, Inc. to complete and record a revised survey reflecting the Partitioning Decree. *See id.* at 157. Sometime after March 17, 1977, map 1037-3 was recorded as P.W.D. D9-1330-T77 ("Map D9-1330-T77") in the Cadastral Section of the Public Works Department. *See* Intervening Plaintiffs' Reply to Oppositions to Cross Motion for Summary Judgment and Opposition to Motion to Consolidate at 2, n.2. Map D9-1330-T77 reflected a flat fifty-foot easement and contained a statement that it was created pursuant to the Partitioning Decree.

On March 11, 1997, Peter Bay filed a Complaint against the Stillmans, John G. Catts, and Sheila J. Roebuck (collectively "defendants") alleging that the defendants had failed to pay landowners' association fees which Peter Bay had assessed for the costs of maintaining the Peter Farm roadways. Peter Bay claimed that it had satisfied the means established in the Partitioning Decree for forming a landowners' association and was therefore entitled to assess the Peter Farm landowners for roadway maintenance costs. On April 22, 1997, the Stillmans filed an Answer and Counterclaim. In Count Four of the Counterclaim, the Stillmans asked the Court to clarify the extent of the beach easement created by the *Harthman* Partitioning Decree. The summary judgment motions currently pending before the Court involve this count of the Stillmans' Counterclaim.

On December 18, 1997, the Godinezes and the Dues moved for summary judgment on the beach easement issue raised in Count Four of the Stillmans' Counterclaim. On February 5, 1998, Peter Bay filed a cross-motion for summary judgment. On May 4, 1998, Hall filed a motion for summary judgment. On June 9, 1998, the intervening plaintiffs filed a cross-motion for summary judgment. On June 15, 1998, the Court heard argument on these motions.[2]

---

[2]The intervening defendants and the defendants argue that the Partitioning Decree indicated an easement from the low water mark to the berm line with which Map D9-1330-T77 is inconsistent. The intervening plaintiffs argue that the Partitioning Decree created an easement extending a flat fifty feet inland from the low water mark.

435

On June 30, 1998, intervening defendant Hall filed a motion to consolidate the *Harthman* case with the case presently before the Court.

## II. DISCUSSION

A. STANDARD FOR SUMMARY JUDGMENT

The standard for granting a motion for summary judgment is a stringent one, but it is not insurmountable. Fed. R. Civ. P. 56 provides that summary judgment may be granted only when materials of record "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Serbin v. Bora Corp.* , 96 F.3d 66, 69 n.2 (3d Cir. 1996). In deciding whether there is a disputed issue of material fact, the court must grant all reasonable inferences from the evidence to the non-moving party. The threshold inquiry is whether there are "any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.* , 477 U.S. 242, 250, 91 L. Ed. 2d 202, 106 S. Ct. 2505 (1986).

Supreme Court decisions mandate that a summary judgment motion must be granted unless the party opposing the motion "provides evidence 'such that a reasonable jury could return a verdict for the nonmoving party.'" *Lawrence v. National Westminster Bank New Jersey* , 98 F.3d 61, 65 (3d Cir. 1996) (quoting *Anderson* , 477 U.S. at 248). Once the moving party has carried its burden of establishing the absence of a genuine issue of material fact, "its opponent must do more than simply show that there is some metaphysical doubt as to material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.* , 475 U.S. 574, 586, 89 L. Ed. 2d 538, 106 S. Ct. 1348 (1986). The non-moving party must "make a showing sufficient to establish the existence of [every] element essential to that party's case, and on which that party will bear the burden of proof at trial." *Serbin* , 96 F.3d at 69 n.2 (quoting *Celotex Corp. v. Catrett* , 477 U.S. 317, 322, 91 L. Ed. 2d 265, 106 S. Ct. 2548 (1986)); *see also Quiroga v. Hasbro, Inc.* , 934 F.2d 497, 500 (3d Cir. 1991) (declaring that non-movant may not "rest upon mere allegations, general denials, or . . . vague statements"). Thus, if the non-movant's evidence is merely "colorable" or is "not significantly probative,"

the court may grant summary judgment. *Anderson* , 477 U.S. at 249-50.

## B. STATUTE OF LIMITATIONS

As a preliminary matter, it is necessary for the Court to determine whether the statute of limitations described in 5 V.I.C. § 31(1)(A) (Michie 1997) governs the Court's resolution of the beach easement issue. If it governs, then there may exist a genuine issue of material fact as to whether the claim is time-barred. If it does not govern, the Court may proceed to resolve Count Four of the defendants' Counterclaim on its merits. Whether the statute of limitations applies depends on how the Court construes the essence of Count Four of the defendants' Counterclaim.

### 1. Construing Count Four of the Defendants' Counterclaim

The defendants and intervening defendants would have the Court characterize Count Four of the defendants' Counterclaim as a simple request to enforce the Partitioning Decree. It is a settled principle of law that courts retain jurisdiction to ensure that their judgments are satisfied. *See Riggs v. Johnson County* , 73 U.S. (Wall.) 166, 171, 18 L. Ed. 768 *aff'd, U.S. ex rel. v. Council of Keokuk* , 73 U.S. (Wall.) 518, 18 L. Ed. 918 (1867). The *Harthman* Court ordered Virgin Islands Engineering and Survey, Inc. to complete and record a survey reflecting the Partitioning Decree, including the five modifications the Court made to the commissioners' survey. *See Harthman* , 12 V.I. at 157. Map. D9-1330-T77 was created and recorded pursuant to this order. The defendants and intervening defendants argue that this map did not accurately reflect the Partitioning Decree and that the Court therefore retains jurisdiction—even to this day— to see that the decree is properly executed.

The intervening plaintiffs argue that Count Four of the defendants' Counterclaim is not simply a request to enforce the Partitioning Decree but rather an action for the recovery of real property subject to 5 V.I.C. § 31(1)(A) (Michie 1997) (creating a twenty-year statute of limitations for actions involving the recovery of real property or the recovery of the possession thereof). They contend that it is not the Partitioning Decree which is at issue in Count Four of the defendants' Counterclaim but the map created pursuant to the Decree. The intervening plaintiffs characterize Map D9-1330-

T77 as an instrument giving rise to property rights, specifically a fifty-foot easement, which the statute of limitations governs.

■ Instead of choosing between the two characterizations which the parties offer, the Court acknowledges that partitioning decrees are judgments which can give rise to the creation of instruments.[3] Because a partitioning decree itself is a judgment, the issuing court retains the power to enforce it as well as an affirmative duty to do so. *See Washington Hospital v. White* , 889 F.2d 1294, 1299 (3rd Cir. 1989) (quoting *Stotts v. Memphis Fire Dept.* , 679 F.2d 541 (6th Cir. 1982), *cert. granted* , 462 U.S. 1105 (1983), *rev'd on other grounds* , 467 U.S. 561 (1984)); *Stotts* , 679 F.2d at 557 ("A court has an affirmative duty to protect the integrity of its decrees."). When an instrument is created pursuant to a partitioning decree, the court which issued the judgment may enforce it by ordering that the instrument be revised to accurately reflect the decree. A court's power and duty to enforce its partitioning decrees in this manner, however, expires at the close of the limitations period applicable to the instrument.

The Court finds authority for this position in Supreme Court precedent. In *Hall v. Law*, 102 (Mem.) 461 (1880), the Supreme Court held that instruments which purport to pass color of title under the authority of court judgments actually give color of title sufficient to begin the running of the limitations period even where the instruments misrepresent the court's decision. *See id.* at 466 ("Whenever an instrument, by apt words of transfer from grantor to grantee,—whether such grantor act under the authority of

---

[3] In support of the characterization offered by the defendants and intervening defendants, intervening defendant Hall has filed a motion, in which the Stillmans have joined, to consolidate this action with the *Harthman* case. Fed. R. Civ. P. 42(a) permits courts to consolidate cases "when actions involving a common question of law or fact are. pending before the court." While this Court has previously treated a motion to enforce a consent judgment filed in a later case as having been filed in the case pursuant to which the consent judgment was originally issued, such an action would not be appropriate here. *See GERS v. Quinn* , 30 V.I. 157, 159, n.2 (D.V.I. 1994). This Court retains jurisdiction to enforce its judgments whether an enforcement action is brought in the same case or in a separate action. Furthermore, Fed. R. Civ. P. 42(a) is a permissive rule, not a mandatory one, so the Court is under no obligation to consolidate. Finally, an order of consolidation would effectively eliminate the statute of limitations issue. Such an order would operate as a complete adoption of the characterization offered by the defendants and intervening defendants and a complete rejection of the characterization offered by the plaintiffs and intervening plaintiffs. Such an approach would be anathema to the Court's decision to treat partitioning decrees as both judgments and instruments. For these reasons, the Court will deny the motion to consolidate.

judicial proceedings or otherwise,—in form passes what purports to be color of title, it gives color of title."); *see also* 3 Am. Jur.2d Adverse Possession § 151 (1986) ("As a general proposition, any instrument purporting to convey land may be color of title, however defective or imperfect it is, and no matter from what cause it is invalid; a claim to the land thereunder will draw to the claimant the protection of the statute of limitations . . . .") The plaintiffs in *Hall* challenged the validity of a prior decree which directed the execution of a deed of title. *See id.* at 465. The *Hall* Court refused to assess the validity of the decree, as well as the validity of the deed executed pursuant thereto, because the plaintiff had failed to dispute it within the relevant limitations period. *See id.* at 466. Like the *Hall* deed, Map D9-1330-T77 is an instrument purporting to give color of title that was enacted pursuant to a judicial decree. Like the plaintiffs in *Hall* , the defendants and intervening defendants are barred from challenging the validity of Map D9-1330-T77 if the relevant limitations period has run.

## 2. Applying the Statute of Limitations

In the Virgin Islands, there is a twenty-year statute of limitations for actions involving the recovery of real property. *See* 5 V.I.C. § 31(1)(A) (Michie 1997). In their cross-motion for summary judgment, the intervening plaintiffs claims that the limitations period began to run on March 9, 1977, the date they allege that Map D9-1330-T77 was recorded in the Office of the Recorder of Deeds. *See* Intervening Plaintiffs' Memorandum of Points and Authorities in Support of Cross Motion for Summary Judgment and Joining in the Association's Opposition and Cross Motion for Summary Judgment at 3.[4] Because the defendants first raised the beach

---

[4] The intervening plaintiffs neglected to raise the limitations defense until their motion for summary judgment. The defendants argue that the intervening plaintiffs' failure to make this claim in their motion to intervene constituted a waiver of the defense pursuant to Fed. R. Civ. P. 8(c). *See* Defendants Andrew and Joy Stillman's Opposition to Intervening Plaintiffs' Cross-Motion for Summary Judgment at 5-6. The Third Circuit, however, has taken a liberal approach to this rule, permitting a party to raise an affirmative defense in a motion for summary judgment so long as the nonmoving party is "not prejudiced in its ability to respond." *See Kleinknecht v. Gettysburg College* , 989 F.2d 1360, 1374 (3rd Cir. 1993) (quoting *Charpentier v. Godsil* , 937 F.2d 859, 864 (3rd Cir. 1991)(citations omitted)). At the June 15, 1998 hearing, this Court gave leave to the parties to file responses to the intervening plaintiffs' motion, and they have done so. *See*

easement issue in Count Four of their Counterclaim which was filed on April 22, 1997, the intervening plaintiffs contend that the claim is time-barred. *See id.* at 4.

A limitations period begins to run against a party when the cause of action has accrued. *See* 51 Am.Jur.2d Limitation of Actions § 107 (1970). A cause of action for the recovery of real property accrues when a party—or a predecessor in interest to that party— has notice that another party has asserted an interest in his or her property. *See generally In Re Tutu Wells Contamination Litigation* , 909 F. Supp. 980, 984-85 (D.V.I. 1995) (discussing the accrual of a cause of action in an environmental contamination case). Notice may be actual or constructive, and actual notice may be express or implied. *See* 58 Am.Jur.2d Notice §§ 6, 7 (1989). Constructive notice is a legal fiction designed to impute notice to a person not having actual notice where that person has knowledge of certain facts which should lead him to the ultimate fact. *See id.* §§ 8,9 (1989). Constructive notice frequently arises from the existence of a record, like a recorded instrument. *See id.* § 9; 28 V.I.C. § 124 (Michie 1997). Express actual notice "consists of knowledge actually delivered into the hands of a person." *Bennerson v. Smalls,* 1987 U.S. Dist. LEXIS 1409, 23 V.I. 113, 116 (D.V.I. 1987). Actual notice "must be complete in every material constituent part, and the party to be legally bound by it must have actually received it." *Rubin v. Johns,* 21 V.I. 525, 531 (Terr. Ct. 1985). The plaintiffs and intervening plaintiffs allege that intervening defendant Hall and the predecessors in interest of the other defendants had both constructive notice and express actual notice of the fifty-foot easement more than twenty years prior to the date on which the defendants filed their Counterclaim. *See* Intervening Plaintiffs'· Memorandum of Points and Authorities in Support of Cross Motion for Summary Judgment and Joining in the Association's Opposition and Cross Motion for Summary Judgment at 4; Intervening Plaintiffs' Reply to Oppositions to Cross Motion for Summary Judgment and Opposition to Motion to Consolidate at 2-4.

Hearing Transcript at 74. Therefore, the intervening plaintiffs' failure to raise the statute of limitations issue until their cross-motion for summary judgment does not prevent the Court from considering this issue on its merits.

a. Constructive Notice

The intervening plaintiffs claim that the defendants and intervening defendants had constructive notice of the fifty-foot easement when Map D9-1330-T77 was filed in the Recorder of Deeds Office on March 9, 1977. *See* Intervening Plaintiffs' Memorandum of Points and Authorities in Support of Cross Motion for Summary Judgment and Joining in the Association's Opposition and Cross Motion for Summary Judgment at 3. However, they have failed to produce any evidence that the map was filed in this location on this date. The intervening plaintiffs have subsequently admitted that the map was filed with the Cadastral Section of the Public Works Department, not with the Recorder of Deeds. *See* Intervening Plaintiffs' Reply Brief at 2, n.2. In addition, the evidence they have produced indicates that as of March 17, 1977 the map was not filed with the Cadastral Section. *See* Intervening Plaintiffs' Supplemental Memorandum of Points and Authorities in Support of Cross Motion for Summary Judgment ("Intervening Plaintiffs' Supplemental Memorandum"), Exh. 2. In fact, the intervening plaintiffs have failed to produce any evidence indicating exactly when the map was recorded. According to the Godinezes, the Cadastral does not record the date upon which surveys are submitted for recording. *See* Response of Defendant Intervenors Bonnie and Antonio Godinez to Intervening Plaintiffs' Cross-Motion for Summary Judgment at 6, n.3.

■ Even if the map had been filed on March 9, 1977, constructive notice of the designated fifty-foot easement cannot be imputed to the defendants and intervening defendants as of this date. When a legal instrument is recorded, only subsequent purchasers, not current owners, are deemed to have constructive notice that there exists a claim to the property referred to in the instrument. *See Porter v. Samuel* , 32 V.I. 293, 301, 889 F. Supp. 213 (D.V.I. 1991). Therefore, the statute of limitations did not begin to run on the basis of constructive notice until the owners of the property affected by the easement at the time Map D9-1330-T77 was recorded sold their property.

b. Actual Notice

While it is clear that Count Four of the defendants' Counterclaim is not time-barred due to the defendants' and intervening defen-

dants' constructive notice that the limitations period had begun to run, there exists a genuine issue of material fact regarding whether the parties to the Partitioning Decree had express actual notice that they had been deprived of certain property rights by Map D9-1330-T77's fifty-foot easement.[5] The intervening plaintiffs contend that the parties to the Partitioning Decree received actual notice of the fifty-foot easement more than twenty years prior to the date on which the defendants filed their Counterclaim in the instant action. On March 17, 1977, almost two years after the *Harthman* decision had been rendered, Thomas Finucan ("Finucan"), attorney for Sammy (Lemme) Harthman, filed a motion requesting a lien on Amiot's Peter Bay parcel because he had failed to pay his share of the surveying costs as required by the Partitioning Decree. *See* Intervening Plaintiffs' Supplemental Memorandum of Points and Authorities in Support of Cross Motion for Summary Judgment, Exh. 2; *Harthman* , 12 V.I. at 160-61. Attached to this motion was a copy of Map D9-1330-T77 (then designated as Drawing No. 1037-3) which had been completed pursuant to the Partitioning Decree. *See id.* Finucan attached the map to the motion to indicate that the map was complete and would be filed pending Amiot's payment. *See id.* The certificate of service attached to this motion indicated that a copy of the motion and the map had been hand-delivered to the attorneys of the parties to the Partitioning Decree. *See id.*

If the parties to the Partitioning Decree actually received copies of the motion requesting the lien against Amiot's parcel as well as Map D9-1330-T77 on the date indicated by the certificate of service, then they received express actual notice sufficient to begin the running of the limitations period. That copies of the motion and the map were allegedly served on the attorneys of the parties to the Partitioning Decree rather than on the parties themselves does not destroy the parties' actual notice. In fact, Fed. R. Civ. P. 5(b) requires that service be made upon a party's attorney when that party is represented by an attorney. That the motion's primary purpose was not to inform the Court or the parties to the Partitioning Decree of Map D9-1330-T77's details does not destroy

---

[5] Whether a party has received actual notice of something is a question of fact properly resolved by a jury. *See, e.g., In re Amber's Stores, Inc.* , 205 B.R. 828, 834 (N.D. Tex. 1997).

the parties' actual notice of the map either. Pursuant to Fed. R. Civ. P. 10(c), when a copy of a written instrument is attached to a pleading, that instrument is a part of the pleading for all purposes. Therefore, actual notice of the pleading constitutes actual notice of the map.

While no technicalities would absolve the parties to the Partitioning Decree of actual notice had they received copies of the motion and the map, it is not clear that they ever received these items. The intervening plaintiffs point to the certificate of service which Finucan executed as conclusive proof that the parties to the Partitioning Decree were served with the motion and the map and therefore received actual notice of the fifty-foot easement. It is an open question in this Court whether an attorney's certificate constitutes conclusive proof of service. The Federal Rules of Civil Procedure do not address proof of service. *See* Wright and Miller, Federal Practice and Procedure, § 1150. While a number of district courts have promulgated local rules to fill this gap, this Court has not done so. *See id.* Had the restatements of law addressed this issue, the Court would be bound to follow their principles. *See* 1 V.I.C. § 4 (Butterworth 1995). The restatements, however, do not address proof of service. Consequently, the Court finds itself looking to the Third Circuit for guidance.

■ The Third Circuit has decided only a few cases involving proof of service, none of which address an attorney's certificate. In the case most relevant to the instant one, the Third Circuit adopted Pennsylvania's rule that a sheriff's return of service is conclusive evidence that service has been effected. *See In re Graves* , 33 F.3d 242, 251, n.16 (3rd Cir. 1994). As the basis for its decision, the court pointed to its appreciation for Pennsylvania's policy of giving weight to objective indicia of process, like the personal knowledge which informed the sheriff's return of process. *See id.* It follows from *Graves* that the Third Circuit finds evidence of service conclusive proof thereof in situations where the evidence is based on personal knowledge. There is no evidence in the instant case that Finucan's certificate of service was based on such knowledge. The certificate states that the motion and attachments, including the map, were hand-delivered, but it does not state that he performed the delivery. Although *Graves* does not explicitly indi-

443

cate how the Third Circuit treats evidence of service which is not based on personal knowledge, this Court holds that such evidence cannot provide conclusive proof thereof. The Court finds this conclusion to be consistent with the Third Circuit's approach to proof of service.

This holding is also consistent with other circuits, including those which have taken a more permissive approach to proof of service than the Third Circuit has taken or has had the opportunity to take. In *Timmons v. United States* , 194 F.2d 357 (4th Cir. 1952), the Fourth Circuit found that an attorney's certificate of service constituted conclusive proof of service where service was not challenged at or before trial. *See id.* at 361. The court explicitly reserved the right to decide whether a certificate had the same effect in the event that one of the parties challenged service, suggesting a strong probability that the outcome in such a case would differ. *See id.* Here, the defendants and intervening defendants have challenged whether service was effected and whether Map D9-1330-T77 was attached to the motion if it was in fact served. *See* Response of Defendant Intervenors Bonnie and Antonio Godinez to Intervening Plaintiffs' Cross-Motion for Summary Judgment at 6-7.

In addition, this result is consistent with the Virgin Islands Rules regarding the proof of summons and complaint. When a summons or complaint is hand-delivered in the Virgin Islands, proof of service must be by the deliverer's affidavit or the recipient's written admission. *See* 5 V.I.C. § 114 (Michie 1997). An attorney's certificate of service is therefore not conclusive proof thereof.

■ Because there exists a genuine issue of material fact regarding whether intervening defendant Hall and the predecessors in interest to the other defendants and intervening defendants received actual notice of the fifty-foot easement more than twenty years prior to the date on which the defendants filed their Counterclaim in this action, the Court cannot proceed to address the merits of the beach easement issue at this time. The Court therefore denies the intervening plaintiffs' cross-motion for summary judgment and reserves judgment on the motions and cross-motions for summary judgment which go to the merits of the beach easement issue.

## III. CONCLUSION

For the reasons stated above, the intervening plaintiffs' cross-motion for summary judgment is denied. The Court reserves judgment on the summary judgment motion of intervening defendants Antonio Godinez and Bonnie Godinez and intervening defendants Paul Due and Genevieve Due, in which defendants Andrew Stillman and Joy Stillman join, the summary judgment motion of defendant Ethlyn Hall, and the cross-motion of plaintiff Peter Bay. The Court will enter an appropriate order.

For the reasons stated above, the Court denies intervening defendant Hall's motion to consolidate in which defendants Andrew Stillman and Joy Stillman join.

## ORDER

THIS MATTER having come before the Court on the summary judgment motion of intervening defendants Antonio Godinez and Bonnie Godinez and intervening defendants Paul Due and Genevieve Due in which defendants Andrew Stillman and Joy Stillman join, the summary judgment motion of intervening defendant Ethlyn Hall, the cross-motion for summary judgment of plaintiff Peter Bay Owners Association, Inc., and the cross-motion for summary judgment of intervening plaintiffs James Henry, Carol Henry, L.D. Kirk, Suzanne Kirk, Scott F. Meese, Donna B. Meese, Arie Liebeskind, Doreen Liebeskind, Jim R. Hayes, Zaquynn S. Hayes, Jeffory Price, Steven Paul, Jann Paul, St. John Land Investment L.P., and The Andrews St. John Trust ("intervening plaintiffs"), pursuant to Fed. R. Civ. P. 56; and

THIS MATTER having come before the Court on the motion to consolidate of intervening defendant Ethlyn Hall in which defendants Andrew Stillman and Joy Stillman join, pursuant to Fed. R. Civ. P. 42(a); and

The Court having reviewed the record and the submissions of the parties; and

This Court having heard oral argument on the summary judgment motions on June 15, 1998;

For the reasons set forth in the Court's opinion of this date;

IT IS this *26th* day of October, 1998 HEREBY

445

ORDERED that the intervening plaintiffs' cross-motion for summary judgment is denied; and

**IT IS FURTHER ORDERED** that this matter shall proceed to trial on the intervening plaintiffs' claim that actual notice has caused the statute of limitations to run; and

**IT IS FURTHER ORDERED** that judgment on the remaining motions for summary judgment and cross-motions for summary judgment is **RESERVED**; and

**IT IS FURTHER ORDERED** that the motion to consolidate of intervening defendant Hall is **DENIED**.