

**FILED**

MAR 21 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| EDGARDO SEMINIANO, | No. 11-55237 |
| Plaintiff - Appellee, | D.C. No. 2:10-cv-01673-JST-JEM |
| v. | |
| XYRIS ENTERPRISE, INC.; ATKINSON CARE HOME; MUQUET DADABHOY; TERESITA CASTANEDA, | MEMORANDUM[*] |
| Defendants - Appellants. | |

| | |
|---|---|
| EDGARDO SEMINIANO, | No. 11-55590 |
| Plaintiff - Appellee, | D.C. No. 2:10-cv-01673-JST-JEM |
| v. | |
| XYRIS ENTERPRISE, INC.; ATKINSON CARE HOME; MUQUET DADABHOY; TERESITA CASTANEDA, | |
| Defendants - Appellants. | |

Appeal from the United States District Court
for the Central District of California

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Josephine Staton Tucker, District Judge, Presiding

Argued and Submitted February 15, 2013
Pasadena, California

Before: KOZINSKI, Chief Judge, KLEINFELD and SILVERMAN, Circuit Judges.

Xyris Enterprise, Inc. et al., appeal the district court's orders granting Edgardo Seminiano's motion for summary judgment and awarding him attorney's fees. We have jurisdiction under 18 U.S.C. § 1291 and now reverse and remand.

The district court granted summary judgment based on Seminiano's unanswered request for admissions. The defendants' lawyer declared under penalty of perjury that she did not receive the request. The court held that "a simple denial of receipt is insufficient to rebut the presumption of receipt created by a properly addressed proof of service." *Seminiano v. Xyris Enter., Inc.,* CV 10-1673-JST (JEMx), 2011 WL 165377, at *3 (C.D. Cal. Jan. 18, 2011). We disagree with that categorical proposition. A proof of service is a sworn declaration giving rise to a presumption of receipt, but, depending on the circumstances, that presumption can be rebutted by a credible sworn declaration of non-receipt.

Our holding in *In re Bucknum*, 951 F.2d 204 (9th Cir. 1991), is not to the contrary. In *Bucknum*, we held that a declaration of non-receipt could not overcome the presumption of receipt for documents sent by a court. *Id*. at 206-07.

Here, the document was allegedly sent by an adverse party, and the mailing was evidenced by nothing more than opposing counsel's *own* declaration. Maybe the district court has good reason to doubt the truthfulness of defendants' lawyer's declaration. We hold only that *Bucknum* did not compel the district court to automatically find counsel's declaration of non-receipt insufficient as a matter of law.

**REVERSED and REMANDED**.

<u>Seminiano v. Xyris</u>, 11-55237

KLEINFELD, Circuit Judge, dissenting:


I respectfully dissent, and would affirm.


We review summary judgment de novo, and can affirm on any ground.[1]  I agree with the majority that proof of service creates only a rebuttable presumption of receipt, and that the presumption can be rebutted by a credible sworn declaration of non-receipt.  Nevertheless, on the record in this case, the court properly applied Federal Rule of Civil Procedure 36, deeming the requests for admission admitted and declining to allow them to be withdrawn.


The requests for admission were mailed August 9, 2010.  No response was ever made.  Of course it is conceivable that the Post Office erred, or that an error was made by the staff in the law office representing the defendants, so that defense counsel never saw the requests shortly after mailing.  That would not matter to

---

[1]<u>Commonwealth Utils. Corp. v. Goltens Trading & Eng'g Ltd.</u>, 313 F.3d 541, 546 (9th Cir. 2002).

1

whether Rule 36(a)(3) should be applied, because defendants were given notice of the requests on at least two subsequent occasions and still failed to respond.

Plaintiff's counsel filed a report with the court October 12, 2010 and served it on defense counsel, saying that "Plaintiff propounded written discovery to defendants, including requests for admission." Defense counsel never denied receipt. After being served with this report, the defense knew very well that plaintiff was claiming that requests for admission had been served, yet neither asked for another copy nor offered any response.

Plaintiff's counsel asked defense counsel on November 2, 2010 why "she had never responded to any of the written discovery." She "did not deny having received the discovery" and did not ask for copies or for more time to respond. Thus it does not matter whether defense counsel received the requests for admission mailed August 9. They were advised in October and November of the outstanding discovery requests and still failed to respond.

The Fourth Circuit declined to allow withdrawal of admissions in a similar case where a certificate of service showed that the requests for admission were

properly mailed, but the defendant swore in an affidavit that she had not received them.[2]  In that case, the defendant heard a reference to the requests for admission during trial, but made no objection and did not claim that she had not received them.[3]  The court ruled that "[i]t would be an intolerable obstruction to the administration of justice if a party should be permitted to remain silent . . . and subsequently, after judgment had gone against him, to question for the first time the regularity of the proceedings."[4]  The administration of justice is no less obstructed here, where defendants ignored repeated advice of the outstanding discovery until after plaintiff relied on the non-response to prepare a motion for summary judgment.

Unanswered written discovery was not the first, or only, instance of the defendants' avoidance of discovery.  The owner and operator of the assisted living care facility being sued had obtained a delay of his deposition for a family emergency requiring him to go to Pakistan, and then did not go to Pakistan because the sick relative had died.  Two days before his rescheduled deposition, he met

_____

[2]Timmons v. United States, 194 F.2d 357, 361 (4th Cir. 1952).

[3]Id. at 360.

[4]Id. at 361.

with the plaintiff in the absence of plaintiff's attorney and appears to have gotten

plaintiff to sign something purporting to settle the case for much less than it was

worth. Plaintiff's lawyer disputes that the plaintiff's signature on the letter is

authentic and offered credible evidence showing that defense counsel was involved

in mailing the letter. Like the failure to respond to written discovery, avoidance of

the deposition suggests that the defense chose intentionally not to comply with its

discovery obligations.

The district court did not abuse its discretion in refusing to allow the

requests to be withdrawn, even though its articulation of the reason was imperfect.

The defendants never moved to withdraw the admissions as required by Rule

36(b). There was no motion to deny, so denial could not be an abuse of discretion.

The Fifth Circuit has held that withdrawal under Rule 36(b) *requires* a motion, and

that a district court's withdrawal of admissions without a proper motion was an

abuse of discretion.[5] Though defendants, in their opposition to the motion for

summary judgment, argued against treating the requests as admitted, they still did

not lodge a proposed response. The least the court was entitled to as a predicate for

---

[5]American Auto. Ass'n v. AAA Legal Clinic of Jefferson Crooke, P.C., 930 F.2d 1117, 1120 (5th Cir. 1991) ("Mere trial testimony did not constitute a motion by the Legal Clinic to withdraw or amend its admissions.").

discretionary relief was a response showing what was admitted and what was not admitted.

Even had a proper motion been filed, with a response provided, plaintiff would have been prejudiced had the district court allowed withdrawal of the admissions. Rule 36(b) gives a judge discretion to permit withdrawal of admissions "if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." Here, the requesting party, Seminiano, would be prejudiced by withdrawal of the admissions. Defendants repeatedly evaded attempts to depose the owner of the facility, and completely ignored the written discovery requests. By the time defendants responded to the motion for summary judgment, discovery had closed, and plaintiff would have had no way to prepare his case for trial. Under <u>Conlon v. United States</u>,[6] the district court did not abuse its discretion by not allowing withdrawal of the admissions.

---

[6]<u>Conlon v. United States</u>, 474 F.3d 616, 622-25 (9th Cir. 2007) (upholding a district court's refusal to allow withdrawal of admissions when withdrawal would have prejudiced the requesting party and finding that the district court did not abuse its discretion by considering whether the non-requesting party could "show good cause for the delay in filing responses").

In this circumstance, even though the presumption of receipt from proof of service is rebuttable, it is hard to imagine a reasonable decision other than to treat the requests for admission as admitted. The defense was informed of the requests twice subsequent to the initial service, never responded, never moved for relief, never said what responses it would have made, and otherwise appears to have evaded its discovery obligations. This is a lawsuit to collect overtime wages by an apparently poor worker at a nursing home. Inexpensive written discovery is about the only economical way such a lawsuit can be pursued. By emasculating written discovery, we empower economically better off bullies seeking to starve out poorer plaintiffs by forcing them to bear litigation expense one side can bear better than the other. The record supports the judgment even though In re Bucknum[7] is not good authority for it. The district court did not abuse its discretion in treating the unanswered requests for admission as admitted. We ought to affirm the reasonable award and attorney's fees in full.

---

[7]In re Bucknum, 951 F.2d 204 (9th Cir. 1991).