**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Steven Dave AVERY, Defendant–
Appellant.**

No. 91–30326.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 14, 1992.

Submission Deferred Sept. 14, 1992.

Resubmitted Oct. 19, 1992.

Decided June 1, 1993.

As Amended Jan. 26, 1994.

Stephen R. Sady, Assistant Federal Public Defender, Portland, Oregon, for the defendant-appellant.

Thomas G. Gannon, Assistant United States Attorney, Washington, DC, for the plaintiff-appellee.

Before: BEEZER, NOONAN, and TROTT, Circuit Judges.

NOONAN, Circuit Judge:

Steven Dave Avery pleaded guilty to bank robbery in violation of 18 U.S.C. § 2113(a).

He was found to be a career criminal and sentenced to 168 months in prison. He appeals his sentence. We affirm.

## PROCEEDINGS

After Avery had pleaded guilty, the government, in order to show he was a career criminal, produced evidence of three prior convictions of crimes of violence: a May 13, 1976 federal conviction for conspiracy to rob a bank in the Eastern District of Oklahoma; a July 30, 1976 California conviction of Robbery 2 in San Joaquin County, California; and a February 7, 1983 federal conviction for bank robbery in the District of Oregon. Avery challenged the constitutional validity of the two 1976 convictions. The district court held that it did not have the obligation to consider the constitutional challenges but, after taking that position, went on to consider them anyway and found them meritless. Avery also unsuccessfully contended that conspiracy to commit a bank robbery was not a crime of violence and argued further that his maximum sentence could be no more than 12 years. He now appeals.

## ANALYSIS

### I. Collateral Attacks

■ The defendant has raised the issue of whether a district court must entertain a collateral attack upon a prior conviction used for sentence enhancement purposes under §§ 4B1.1 & 4A1.2, Application Note 6, of the Sentencing Guidelines. The district court in this case interpreted Application Note 6 to preclude collateral attack where the prior conviction is facially valid. *United States v. Avery,* 773 F.Supp. 1400, 1408 (D.Or.1991). In *United States v. Vea–Gonzales,* 986 F.2d 321, 327–328 (9th Cir.1993), this court determined that, under Ninth Circuit law, the Constitution requires a court to entertain collateral challenges to prior convictions used for sentence enhancement under §§ 4B1.1 and 4A1.2 of the Sentencing Guidelines. That portion of the opinion of the district court in *Avery* which holds that a district court need not entertain collateral challenges was overruled. The district court, however, had gone on to consider the merits of defendant's challenge to the constitutionality of his prior convictions. We, therefore, consider the district court's ruling upon the constitutionality of Avery's two 1976 convictions.

### II. The 1976 Convictions.

■ When Avery was charged with robbery in California he had as counsel a public defender, Thomas Teaford. Avery told Teaford that he was the recipient of checks from the robbery but that at the time "he was staying off the streets, hardly ever left his house, was dealing out of his house, and did nothing but eat, sleep and fix heroin." Avery said that one of the robbers was Roy Culverson, who used to work for the robbed company, Parsons Corp. Teaford could not find another former employee of Parsons with a name even close to Culverson. He did, however, discover that Roy Culverson had been a client of the public defender and that he had once worked as a guard for a security service. Teaford believed that his obligation to Culverson would be to advise him not to testify and that this obligation created a conflict with his obligation to Avery. Accordingly, Teaford withdrew from the case and was replaced by Michael Barkett. Teaford gave Barkett the notes on his interviews with Avery but left out the information relating to Culverson.

It is Avery's position on this appeal that the omission of the Culverson information in what Teaford handed Barkett resulted in a situation in which he was represented by constitutionally ineffective counsel. Avery contends: "The critical information regarding Culverson's existence, criminal history and prior employment as a security guard was not conveyed to Mr. Barkett." Avery argues that as Teaford put Culverson's interests ahead of Avery's, Teaford was depriving Avery of a lawyer devoted to his interests; and, Avery continues, Teaford's omissions continued to handicap Barkett. "Based on the information which was disclosed, Mr. Barkett failed to investigate the case. This rendered his representation constitutionally defective. Based on inadequate advice from Mr. Barkett Mr. Avery entered the plea of robbery."

Ingenious as this argument is, it is unpersuasive. It was fully within Avery's own power to tell his new lawyer about Culverson and to ask his new lawyer to find out the facts about it. Teaford's decision in no way prevented Avery from taking this elementary step if he thought Culverson was the real robber. Any failure to pursue the Culverson lead was Avery's failure, not Teaford's or Barkett's.

■ Avery also attacks his plea of guilty in the California case because he contends he did not admit his guilt. The colloquy between the court and Avery on this point was as follows:

> The Court: You are not entering a plea just because you want to get the deal that is offered to you? You are also entering because, in fact, you believe you are guilty of the offense or if you want to put it this way, do you feel there is a strong case against you?

> The Defendant: Yes. I feel there is a strong case against me.

Under *North Carolina v. Alford,* 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), when a defendant denies guilt the court must make a searching inquiry and the record must reveal a strong factual basis for a finding of guilty. Avery contends that *Alford* was not complied with.

Avery's contention fails because *Alford* applies only when a defendant denies guilt. At no point did Avery deny his guilt. Moreover, in the actual colloquy with the court Avery in substance admitted his guilt.

■ Avery also has challenged his 1976 Oklahoma conviction for conspiracy to commit bank robbery. Among other claims, Avery argues that conspiracy cannot be considered a crime of violence for sentencing purposes under the Guidelines. A defendant is subject to sentencing as a career offender if he is at least 18 years of age, the offense for which he is being sentenced is a crime of violence or drug offenses. U.S.S.G. § 4B1.1. In determining whether an offense is a crime of violence, we look not to the particular facts of the case but only to the statutory definition of the crime. *Taylor v. United States,* 495 U.S. 575, 602, 110 S.Ct. 2143, 2160, 109

L.Ed.2d 607 (1990). Avery was convicted under 18 U.S.C. § 371, the general conspiracy statute. The record is unclear as to the specific portion of the federal bank robbery statute, 18 U.S.C. § 2113, Avery was charged with conspiring to commit. It is settled that conviction under § 2113(a) qualifies as a crime of violence. *United States v. Selfa,* 918 F.2d 749, 751 (9th Cir.1990). A conspiracy conviction requires proof of the same degree of intent as that required for the substantive offense. *United States v. Feola,* 420 U.S. 671, 686–87, 95 S.Ct. 1255, 1264–65, 43 L.Ed.2d 541 (1975). Because the record before us is incomplete, we cannot determine with certainty that Avery was prosecuted under § 2113(a). Other portions of § 2113 may not describe crimes of violence. *See Selfa,* 918 F.2d at 752 n. 2.

Given our decision to affirm the district court's ruling on the constitutionality of the 1976 California robbery conviction, we need not address Avery's challenge to the 1976 Oklahoma conspiracy conviction. In the Presentence Report three crimes of violence were identified which would qualify Avery for career offender status. Avery did not challenge the 1983 conviction for bank robbery in Oregon. The dictates of § 4B1.1 are satisfied by the constitutionally sound 1976 California and 1983 Oregon convictions. The district court did not err in sentencing Avery as a career offender.

III. *The Maximum Sentence Authorized.*

■ Avery argues that the maximum sentence authorized, even if he were found to be a career criminal, was 12 years. He relies on 18 U.S.C. § 3559(a) which provides as follows:

> (a) Classification—an offense that is not specifically classified by a letter grade in the section defining, is classified if the maximum term of imprisonment authorized is . . .

> (3) less than 25 years but 10 or more years as a Class C felony.

The maximum term for a Class C felony is "not more than 12 years." 18 U.S.C. § 3581(b). The Sentencing Commission was directed by the Congress to "assure that the

Guidelines specified a sentence to a term of imprisonment at or near the maximum authorized for categories of defendants [who are career criminals]." 28 U.S.C. § 994(h). It is Avery's argument that the maximum term authorized is 12 years.

Avery's argument ignores the second part of 18 U.S.C. § 3559. Section 3559(b) provides: "An offense classified under subsection (a) carries all the incidents assigned to the applicable letter designation, except that the maximum term of imprisonment is the term authorized by the law describing the offense." Section 3559(b) obviously qualifies § 3559(a). The statute describing the offense of bank robbery provides that the maximum imprisonment is "not more than 20 years." 18 U.S.C. § 2113(a). The district court sentenced Avery within the limit provided by this statute. *United States v. Schiffbauer,* 956 F.2d 201, 203 (9th Cir.), *cert. denied,* — U.S. —, 113 S.Ct. 274, 121 L.Ed.2d 202 (1992).

Avery makes an additional argument that goes as follows:

1. The legislative history of 28 U.S.C. § 994(h) says that the statute "requires that the guidelines specify a sentence at or near the maximum provided in proposed 18 U.S.C. § 3581(b) for a third conviction of a crime of violence or drug trafficking offense." S.Rep. No. 225, 99 Cong. 1st Sess. 114, n. 269, *reprinted,* 1984 United States Code Cong. & Admin.News 3297.
2. According to 18 U.S.C. § 3581(b), "the authorized term" of imprisonment for a Class C felony is not more than 12 years.
3. Bank robbery is a Class C felony because the maximum penalty for bank robbery is 20 years, 18 U.S.C. § 2113(a); and under 18 U.S.C. § 3559(a) an offense that is not specifically classified by a letter grade in the section defining it is classified as a Class C felony if the authorized imprisonment is less than 25 years but more than 10 years.

At first sight Avery's argument has a certain logic. He adds that if there is any ambiguity, the rule of lenity directs us to take the approach that will be more favorable to him. But on further examination his argument does not hold up.

We agree that under 28 U.S.C. § 994(h) the starting point must be 18 U.S.C. § 3581. We do not agree that § 3581 can be read as though the rest of the provisions on sentencing do not exist. It is evident that by specifying that the authorized term of imprisonment for a Class C felony is not more than 12 years Congress did not intend to change the penalty for bank robbery, which is specified in the bank robbery statute as being not more than 20 years. 18 U.S.C. § 2113(a). Analogously, Congress did not in enacting § 3581 intend to override § 3559. While § 3559(a) gives letter classifications, § 3559(b) provides as to the "effect of classification" that the letter grade carries with it certain incidents except that "the maximum term of imprisonment is the term authorized by the law describing the offense." The effect of classification is thus to use the statute describing the offense term in order to determine the maximum term of punishment. Read together, 28 U.S.C. § 994(h), 18 U.S.C. § 3559 in its entirety, 18 U.S.C. § 3581(b), and 18 U.S.C. § 2113(a) establish that the maximum term for bank robbery is 20 years and that consequently the maximum term for the category "bank robber" is 20 years.

**AFFIRMED.**