UNITED STATES of America,
Plaintiff–Appellee,

v.

Dale Anthony STEPHENS,
Defendant–Appellant.

No. 93–50141.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 7, 1994.

Decided Sept. 13, 1994.

Alicia Blanco, Deputy Federal Public Defender, Los Angeles, CA, for defendant-appellant.

Clare S. Phillips, Asst. U.S. Atty., Los Angeles, CA, for plaintiff-appellee.

Before: PREGERSON, O'SCANNLAIN, and FERNANDEZ, Circuit Judges.

O'SCANNLAIN, Circuit Judge:

Is a federal drug law offender entitled to an evidentiary hearing during sentencing to challenge the constitutionality of a prior conviction used to enhance the sentence?

I

Dale Stephens was arrested at his residence on July 16, 1992 by agents of the Bureau of Alcohol, Tobacco and Firearms

who had acted on a tip from an informant that Stephens was selling cocaine.

On July 31, 1992, the government filed a three-count indictment against Stephens, charging him with possession of cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1) (count I), use and possession of a firearm in relation to a narcotics offense in violation of 18 U.S.C. § 924(c)(1) (count II), and (3) being a felon in possession of a firearm in violation of 18 U.S.C. § 924(g)(1) (count III). On August 20, 1992, the government filed an Information notifying Stephens that it intended to use a prior April 12, 1991 state court narcotics conviction to enhance his sentence under count I. Stephens had pled guilty in that prior conviction.

Stephens pled guilty to counts I and II on November 3, 1992 pursuant to a plea agreement. Stephens never filed a response to the government's Information.

In preparation for his sentencing hearing, Stephens requested the transcripts of the 1991 proceeding in order to search for ways to attack the narcotics conviction. On January 15, 1993, the district court granted Stephens a continuance because of a delay in the deliverance of the transcripts to Stephens' attorney. The district court granted Stephens an additional continuance on January 25 to give him more time to review the transcripts. On January 29, Stephens' attorney called the federal prosecutor to state that she had reviewed the transcripts of the 1991 proceeding and did not believe that there were any problems with the conviction.

Stephens' sentencing hearing was scheduled for 9 a.m. on February 8, 1993. At 8:21 a.m. on that morning, the prosecutor received a voice mail message from Stephens' counsel stating that Stephens planned to ask the district court for an evidentiary hearing, in which he would challenge the constitutionality of the 1991 conviction.

At the sentencing hearing, the district court denied Stephens' request for an evidentiary hearing. Because of the 1991 narcotics conviction, the district court imposed a 120–month mandatory minimum sentence for count I. The court also imposed a 60–month sentence for count II. Stephens timely appeals from the imposition of the mandatory minimum enhanced sentence under count I.

## II

Stephens asserts that the district court should have held an evidentiary hearing giving him the opportunity to attack the constitutionality of his 1991 conviction. According to Stephens, he did not knowingly and intelligently plead guilty to the charge underlying that conviction. He asserts that his 1991 defense counsel never informed him of any possible defenses that were available and "coached" him when the court inquired as to whether his plea was knowing and voluntary.

■ Stephens correctly observes that he is entitled under 21 U.S.C. § 851 to contest the constitutionality of his 1991 conviction.[1] As the Supreme Court recently observed in *Custis v. United States*, — U.S. —, —, 114 S.Ct. 1732, 1736, 128 L.Ed.2d 517 (1994), section 851 gives defendants a statutory right to challenge prior convictions offered to enhance their sentences. However, Stephens must comply with section 851's procedural requirements in order to exercise this right. In *United States v. Davis*, 15 F.3d 902 (9th Cir.1994), we held that, except for section 851's bar to challenges of convictions older than five years, section 851 sets forth:

adequately detailed procedures regarding a criminal defendant's challenge to prior convictions, *including how to set forth such*

---

1. Stephens' cocaine possession with intent to distribute conviction under 21 U.S.C. § 841 is governed by the sentencing enhancement provisions of § 851, which provides in part:

No person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, or before entry of a plea of guilty, the United States attorney files an information with the court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon.

21 U.S.C. § 851(a)(1). In addition:

If the person denies any allegation of the information of prior conviction, or claims that any conviction alleged is invalid, he shall file a written response to the information.... The court shall hold a hearing to determine any issues raised by the response which would except the person from increased punishment. *Id.* at § 851(c)(1).

*claims,* the burden of proof, *waiver,* etc. These statutory procedures appear to provide adequate and economical procedures for sentencing courts faced with challenges to prior convictions under this section. *Id.* at 917 (emphasis added, citation omitted). *See also Custis,* —— U.S. at——, 114 S.Ct. at 1736.

Under such procedures, the government must file an Information with the court identifying any prior conviction that the government will introduce to increase a defendant's sentence. 21 U.S.C. § 851(a)(1). If a defendant denies the allegation of an Information or claims that a prior conviction is invalid, the defendant must file a written response to the Information. *Id.* at § 851(c)(1).

Once a defendant files such a response, the district court must hold an evidentiary hearing to rule on the objections raised in the response. *Id.* However, if the defendant does not file a response, he or she waives the right to challenge prior convictions identified in the government's Information "unless good cause be shown for failure to make a timely challenge." *Id.* at § 851(c)(2).

■ Stephens never filed a written response to the government's Information. Further, he did not demonstrate good cause for his failure to meet this requirement. Stephens' attorney offered only the following explanation of why she never filed a written response to the government's Information:

Ms. BLANCO: Your Honor, I had informed Ms. Phillips[, the Assistant United States Attorney,] as she suggests that I did not believe based on a facial review of the transcript obtained regarding the 1991 prior conviction suffered by Mr. Stephens that there was any Boykin problems regarding that conviction. However, subsequent to that, in speaking with Mr. Stephens, he relayed to me information which leads me to believe that this court should hold an evidentiary hearing regarding the validity of that plea based on the fact it was not entered intelligently or voluntarily.

This explanation does not excuse Stephens' failure to file a timely written response to the government's Information. In *United States v. Avery,* 15 F.3d 816 (9th Cir.), *cert. de-*

*nied,* —— U.S. ——, 114 S.Ct. 2179, 128 L.Ed.2d 899 (1994), defendant Avery sought to attack collaterally a prior conviction on the ground that his first attorney in that proceeding failed to give certain information to his second attorney. Avery himself had given the information to his first attorney. We rejected Avery's collateral attack, stating that:

[i]t was fully within Avery's own power to tell his new lawyer [this information] and to ask his new lawyer to find out the facts about it.... Any failure to pursue [this information] was Avery's failure, not [that of his two lawyers].

*Id.* at 818.

Like the defendant in *Avery,* it was Stephens' responsibility to alert his attorney about the ineffective assistance of counsel that he allegedly had received at his 1991 conviction. Stephens had approximately six months to do this, yet he apparently waited until a time immediately before the sentencing hearing to do so. Stephens did not comply with the section 851 procedures for challenging his 1991 conviction.

■ We note that the government has conceded that it never explicitly informed the district court that Stephens had failed to file a written response to its Information. Such failure is no bar to raising the issue on appeal, however. After identifying herself at the sentencing hearing, the prosecutor raised the following objection:

Ms. PHILLIPS: Your Honor, if I may, before we get started, on January 29th I received a call from defense counsel saying that she had an opportunity to review the transcript of Mr. Stephens' prior conviction and that she didn't believe there were any problems with that prior conviction. This morning at 8:21 a.m. I received a voice mail from defense counsel saying that she now intends to ask for a continuance for an evidentiary hearing on that conviction. She left me no details about what the reason for that is, but I just bring that to the court's attention.

The prosecutor's statement notified the court that, until 8:21 a.m. that morning, Stephens had made no objection to the use of the 1991

prior conviction. The logical implication of this statement is that Stephens had not filed the required written response to the government's Information.

### III

Stephens failed to comply with the clearly established section 851 procedures for challenging a prior conviction used to enhance his sentence. The district court thus did not err in denying Stephens an evidentiary hearing. The mandatory minimum sentence is

AFFIRMED.