132 F.3d 39
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Scott William JOHNSON, Petitioner-Appellant,
v.
Ernest C. Roe, Warden, Attorney General, Respondents-Appellees.
 No. 96-55639.
 United States Court of Appeals, Ninth Circuit.
 Dec. 11, 1997.
Submitted Dec. 5, 1997**
 
 Before: HALL, BRUNETTI, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 LETTS
 
 2
 Appeal from the United States District Court for the Central District of California
 
 
 3
 California state prisoner Scott William Johnson appeals the district court's denial of his 28 U.S.C. § 2254 habeas petition challenging his state conviction for first degree murder, second degree robbery, and conspiracy to commit robbery. We affirm.
 
 
 4
 * This court has recognized that a criminal defendant has a constitutional right to be present during the readback of testimony to a jury. See Hegler v. Borg, 50 F.3d 1472, 1476-77 (9th Cir.), cert. denied, 116 S.Ct. 675 (1995). However, habeas relief for a violation of this right should be granted "[o]nly if the record demonstrates the jury's decision was substantially influenced by the trial error or there is grave doubt about whether [the] error affected a jury in this way." Id. at 1478 (internal quotation and citation omitted).[1] Johnson has not shown that his absence from the readbacks had any effect on the jury and therefore is not entitled to habeas relief. See Turner v. Marshall, 121 F.3C 1248, 1255 (9th Cir.1997).[2]
 
 II
 
 5
 Jonnson's Sixth Amendment right to effective assistance of counsel was not violated when his trial counsel waived both his own and Johnson's presence at the readbacks. Johnson has established neither deficient performance nor prejudice, and therefore he has no claim under Strickland v. Washington, 466 U.S. 668 (19t § 4). Johnson's claim of ineffective assistance of
 
 
 6
 Johnson further contends that the harmless error standard of Chapman v. California, 386 U.S. 18 (1967), should be applied here because the state court never undertook a Chapman harmless error review. However, we do not need to decide this issue because, even under Chapman's more stringent standard of review, we deem the errcr harmless. appellate counsel arising from the presence error fails for the same reason.
 
 
 7
 Johnson has also failed to demonstrate ineffective assistance of counsel arising from his trlal counsel's failure to advise him of his constitutional right to testify on his own behalf. Counsel made a tactical decision not to have Johnson testify, and Johnsonl's failure to inform the court that he wished to testify constituted a waiver of that right. See United States v. Nohara, 3 F.3d 1239, 1243-44 (9th Cir.1993); see also United States v. Joelson, 7 F.3d 174, 177-78 (9th C:.r 1993) (holding that court was under no duty to ask defendant whether he wanted to testify even though defendant himself had made an earlier on-the-record request to testify).
 
 
 8
 Finally, Johnson has not shown ineffective assistance of counsel arising from trial counsel's purported failure to adequately investigate and prepare Johnson's defense. At least one of the former statements that Johnson contends his counsel should cave discovered was within Johnson's own knowledge, see United States v. Avery, 15 F.3d 816, 818 (9r_h Cir.1994), and Johnson has not demonstrated that counsel's failure to interview the inmates with whom Johnson's coconspirators were jailed fell outside of the wide range of professionally competent assistance or prejudiced his defense.
 
 
 9
 AFFIRMED.
 
 
 
 **
 This panel unanimously agrees that this case is appropriate for submission without oral argument. Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 We reject Johnson's contention that his absence from the readback constituted structural error. See Hegler, 50 F.3d at 1476-77 Riley v. Deeds, 56 F..3d 1117 (9th Cir.1995), upon which Johnson relies, is distinguishable because unlike Riley, the judge here did not abdicate judicial control but made decisions about the reachback himself
 
 
 [2]
 Because Johnson's claim fails on the merits, we decline to address the government's argument under Teague v. Lane, 489 U.S. 288 (1989), which it raises for the first time on appeal. See Boardman v. Estelle, 957 F.2d 1523, 1536-37 (9th Cir.1993) ("[C]ourts of appeals have discretion, but are not required, to address a Teague defense raised for the first time on appeal....")