UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.                                      No. 00-4030

JEFFREY ALAN WRIGHT,
          *Defendant-Appellant.*

Appeal from the United States District Court
for the District of South Carolina, at Columbia.
Joseph F. Anderson, Jr., Chief District Judge.
(CR-98-837)

Argued: November 3, 2000

Decided: December 18, 2000

Before WILLIAMS, Circuit Judge, Frank J. MAGILL,
Senior Circuit Judge of the United States Court of Appeals
for the Eighth Circuit, sitting by designation, and
Robert E. PAYNE, United States District Judge for the
Eastern District of Virginia, sitting by designation.

Affirmed by unpublished per curiam opinion.

## COUNSEL

**ARGUED:** Albert Randolph Hough, LAW OFFICES OF A. RAN-
DOLPH HOUGH, P.A., Columbia, South Carolina, for Appellant.
Nancy Chastain Wicker, Assistant United States Attorney, Columbia,
South Carolina, for Appellee. **ON BRIEF:** J. Rene Josey, United

States Attorney, Ann Agnew Cupp, Columbia, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

On February 23, 1999, Jeffrey Alan Wright pleaded guilty to two counts of a three-count indictment: possession with intent to distribute cocaine, in violation of 21 U.S.C.A. § 841(a)(1) (West 1999), and felon in possession of a firearm, in violation of 18 U.S.C.A. § 922(g) (West 2000).[1] The United States District Court for the District of South Carolina sentenced Wright to 204 months imprisonment for violation of § 841(a)(1) and to 120 months imprisonment for violation of § 922(g), to run concurrently. Wright appeals this sentence, arguing that the district court improperly applied a sentencing enhancement under § 841(b)(1)(A) for a prior felony drug conviction. For the reasons that follow, we affirm the sentence imposed by the district court.

I.

On September 2, 1998, the Drug Enforcement Administration received a tip that Wright, a suspected cocaine distributor in Sumter County, South Carolina, was in possession of cocaine and a firearm. Officers observed Wright driving away from his business, despite having a suspended driver's license. The officers stopped Wright, who gave oral and written permission to search his vehicle. The officers found one kilogram of cocaine powder and a firearm in the vehicle and arrested Wright. Pursuant to a search warrant, authorities

---

[1] The government dismissed the third count in exchange for Wright's guilty plea.

searched Wright's place of business and seized four kilograms of cocaine powder found therein. Wright's indictment, plea agreement, conviction, and sentencing followed.

In the plea agreement, Wright stipulated to distributing between five and fifteen kilograms of cocaine powder. Under 21 U.S.C.A. § 841(b)(1)(A), the appropriate sentence for a conviction based upon possession of five to fifteen kilograms of cocaine powder is ten years to life. 21 U.S.C.A. § 841(b)(1)(A) (West 1999). That section, however, requires the district court to enhance the statutory range to twenty years to life when the defendant has a prior felony drug conviction. *Id.*

Wright was convicted of two separate prior felony drug offenses in 1987 and 1991, respectively. For the mandatory sentencing enhancement of § 841(b)(1)(A) to apply, however, the government must comply with the provisions of 21 U.S.C.A. § 851 (West 1999 & Supp. 2000), which require the government to file and serve an information indicating its intent to seek an enhanced penalty for a prior conviction.[2]

On February 17, 1999, five days prior to the execution of the plea

---

[2]The pertinent section of § 851 states as follows:

Proceedings to establish prior convictions

(a) Information filed by United States Attorney

(1) No person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, or before entry of a plea of guilty, the United States Attorney files an information with the court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon. Upon a showing by the United States Attorney that facts regarding prior convictions could not with due diligence be obtained prior to trial or before entry of a plea of guilty, the court may postpone the trial or the taking of the plea of guilty for a reasonable period for the purpose of obtaining such facts. Clerical mistakes in the information may be amended at any time prior to the pronouncement of sentence.

21 U.S.C.A. § 851 (West 1999 & Supp. 2000).

agreement, the government filed and served Wright's two attorneys with an information specifying its intent to seek an enhanced penalty for the 1991 conviction. Two days later, the government filed and served Wright's attorneys with another information specifying its intent to seek an enhanced penalty for the 1987 conviction. On February 22, 1999, Wright entered into and signed a written plea agreement in which the government agreed to forego the enhancement relating to his 1987 drug conviction and to seek the enhancement based only upon Wright's 1991 drug conviction.

At the sentencing hearing, despite having signed the plea agreement in which Wright agreed to the use of his 1991 conviction as a sentencing enhancement, Wright argued that the prior conviction was not a felony drug conviction that could be used as such an enhancement. Wright's attorney further argued that he had not been served with the information, as is required under 21 U.S.C.A. § 851. Upon questioning, counsel conceded that, although neither he nor his co-counsel had actually received the information, they both had actual notice of its contents and of the government's intended use of Wright's 1991 prior conviction.

The district court held that Wright's 1991 conviction qualified as a felony drug conviction sufficient to invoke the mandatory minimum enhancement in 21 U.S.C.A. § 841(b)(1)(A). Additionally, the government produced a certificate of service demonstrating that it had served the information on Wright's counsel. Because Wright's counsel produced no evidence, other than the alleged non-receipt of the information, rebutting the presumption that the information had in fact been served, the district court found that the government met its burden of proving that it had served the information. Pursuant to the plea agreement, the government moved for a thirty six-month downward departure for substantial cooperation from Wright's twenty-year sentence, which the district court granted. Wright appeals his sentence and argues that the district court should not have applied the twenty-year mandatory minimum to his sentence.

On appeal, Wright first argues that he did not receive a copy of the information, which he alleges indicates that the information was not served in accordance with 21 U.S.C.A. § 851.[3] Assuming that the

---

[3]Wright further argues that the lack of proper service is a jurisdictional defect. Given our agreement with the district court's holding that the

information was served, Wright argues that the district court nevertheless improperly enhanced his sentence because the 1991 conviction was neither a "conviction" nor drug-related and, therefore, does not trigger the § 841(b)(1)(A) enhancement provision.[4] We will address each argument in turn.

## II.

Wright argues that the district court improperly found that the government served the 1991 prior conviction information. Wright concedes that, if the information had in fact been placed in the mail, that mailing would constitute sufficient service, irrespective of his non-receipt. He contests, however, if the United States Attorney's office actually placed the information in the mail. The issue of whether the United States Attorney's office actually placed the information in the mail is a question of fact. "If the court's [factual] findings may rationally be said to be supported by a preponderance of the evidence, they may not be disturbed on appeal." *United States v. Crump*, 120 F.3d 462, 468 (4th Cir. 1997).

Proper service by mail is governed by Federal Rule of Criminal Procedure 49, which states that service must comply with the rules "provided in civil actions." Fed. R. Crim. P. 49(b). Federal Rule of Civil Procedure 5(b) provides that "service upon the attorney or upon a party shall be made by delivering a copy to the attorney or party or by mailing it . . . at the attorney's or party's last known address. . . . Service by mail is complete upon mailing." Fed. R. Civ. P. 5(b). Because service is complete upon mailing, non-receipt of the information does not affect the validity of service. *See, e.g.*, *In re Eagle Bus. Mfg. Inc.*, 62 F.3d 730, 735 (5th Cir. 1995) ("[T]he question becomes whether the sender properly mailed the notice and not whether the intended recipient received it."); *see also* Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1148 at 430-

---

information was served in accordance with § 851, we have no occasion to pass upon the district court's alternative holding that service is not a jurisdictional requirement under § 851.

[4]Wright does not dispute that the information was filed properly; he argues only that the information was not served.

31(1987 & Supp. 2000) (citing cases holding that service is complete upon mailing regardless of non-receipt). Accordingly, the central issue in determining whether the information was served is whether the information was placed in the mail and not whether Wright's counsel received the information.

The burden of showing that service was made is on the serving party, which in this case is the government. *See Rivera v. M/T Fossarina*, 840 F.2d 152, 155 (1st Cir. 1988). The evidence in the record supports the district court's conclusion that the information was actually mailed. First, the government introduced into evidence a signed, valid certificate of service stating that both of Wright's attorneys were served "by placing said copies in a postpaid envelope" addressed to each of them at their respective addresses. (J.A. Supp. I at 2). A presumption that the information actually was mailed attaches to this valid certificate of service. *See* Fed. R. Civ. P. 5(d), Advisory Committee Notes, 1991 amendment (stating that certificates of service are required to be on file because they "may be useful for many purposes, including proof of service if an issue arises concerning the effectiveness of the service"); *Eagle*, 62 F.3d at 735-36 (stating that a court should look to whether a proper certificate of service was filed to determine whether mailing took place); Wright & Miller, *supra*, § 1150 at 436-37 (approving of allowing the certificate of service to constitute sufficient proof of service because that approach "avoids delayed challenges to service and frivolous appeals"); *cf. Timmons v. United States*, 194 F.2d 357, 361 (4th Cir. 1952) (holding that attorney's certificate of service is sufficient to establish service in the absence of any requirements as to the form of proof and of a seasonable objection).

Additionally, at sentencing, the Assistant United States Attorney stated that her office had "complied with the [office's] standard procedure" by filing the information and the certificate of service and proceeding to mail the information to Wright's counsel. (J.A. at 18). The district court did not err by accepting the certificate of service and the statement of the Assistant United States Attorney as proof that the information was mailed without requesting an affidavit from that office as further proof of actual mailing. As noted in *Timmons*,

> The addition of an affidavit would perhaps have given a greater appearance of formality, but it would have added

> nothing to the effect of the certificate [of service] since it would constitute merely a voluntary act of the affiant; and the absence of the affidavit did not absolve the certifier from the criminal sanctions applicable to one who corruptly obstructs the administration of justice in the federal courts.

*Timmons*, 194 F.2d at 361 (citing 18 U.S.C.A. § 1503).

The record further reflects that Wright's counsel had changed addresses without notifying the government. When an improper address is given, a delay in receipt of items properly placed in the mail is expected. Based upon this change of addresses without notification to the government, the record supports an inference that the information had been placed in the mail but failed to reach counsel in a timely fashion. *Cf. Eagle*, 62 F.3d at 736 ("Moreover, we note that Rogers herself is to blame for not receiving the notice because she failed to keep Greyhound apprised of any changes in her mailing address.").

Wright's only evidence contradicting the government's proof of actual mailing is his counsel's in-court statement that neither he nor his co-counsel received the information. As stated above, however, non-receipt does not affect the validity of service. If we accept counsel's mere denial of receipt as conclusive evidence that the information was not mailed, we would implicitly rewrite Rule 5 to require receipt to validate service. *See* Fed. R. Civ. P. 5(b) ("Service by mail is complete upon mailing."); *see also Eagle*, 62 F.3d at 735-36 (stating that a denial of receipt is insufficient to rebut a presumption that actual mailing occurred). We decline to extend Rule 5's service requirement in this way. To the extent, however, that counsel's statements have any evidentiary value toward the issue of whether the information was placed in the mail, that evidentiary value is offset by the valid certificate of service and the Assistant United States Attorney's statement that her office had complied with its standard procedure by placing the information in the mail.

In light of these facts, it was not clearly erroneous for the district court to conclude that the government met its burden of proving adequate service. Accordingly, we affirm the district court's factual find-

ing that the government complied with the requisites of § 851 by mailing the information to Wright's counsel.

### III.

Wright next argues that the district court erred by determining that Wright's 1991 conviction qualified as a prior felony drug conviction for the purpose of enhancing his sentence under § 841(b)(1)(A).[5] Specifically, he argues that his plea of nolo contendere to his 1991 offense was not a "conviction" under Florida law. Wright further argues that his 1991 offense was not drug-related because he was charged and convicted under a general conspiracy statute. We address each argument in turn.

When a defendant objects to the court's treatment of one of his prior convictions as a particular type of crime for sentencing purposes, we review the issue de novo. *See United States v. Kirksey*, 138 F.3d 120, 122 (4th Cir. 1998). The government has the burden of proving beyond a reasonable doubt that the alleged underlying conviction is a prior felony drug conviction for purposes of enhancement under § 841. 21 U.S.C.A. § 851(c)(1) (West 1999 & Supp. 2000). Because we hold that the government is able to meet this burden of proof, we affirm the district court's determination that Wright's 1991

---

[5]The government urges us to decline to review these arguments because Wright failed to file a written response to the information, as is required under § 851(c)(1). Despite Wright's failure to file a formal written response, however, the government allowed the district court to conduct an evidentiary hearing on Wright's objections to his prior conviction and did not object to Wright's failure to file a written response. Accordingly, the government has waived the issue of Wright's non-compliance with § 851 by its failure to notify the district court of his non-compliance. *Cf. United States v. Brown*, 33 F.3d 1014, 1017-18 (8th Cir. 1994) (declining to consider the defendant's argument waived for failure to comply with the written response requirement of § 851 because the district court had addressed the argument on its merits); *United States v. Stephens*, 35 F.3d 451, 453-54 (9th Cir. 1994) (holding that because the government did notify the district court of the defendant's failure to comply with the written response requirement of § 851, the government was not barred from asserting that lack of compliance on appeal).

conviction qualified as a felony drug conviction to warrant sentencing enhancement under § 841.

A.

Wright contends that his 1991 plea of nolo contendere is not a "conviction" under Florida law, *see Garron v. Florida*, 528 So.2d 353, 360 (Fla. 1988), and, therefore, an enhancement under § 841(b)(1)(A) is not warranted.[6] We have, however, previously rejected the argument that state law controls the definition of "conviction" as that term is used in § 841.[7] *See United States v. Campbell*, 980 F.2d 245, 250 n.6 (4th Cir. 1992) ("Interpretation of the 'final conviction' language used in section 841 is a matter of federal, rather than state, law because it involves a federal statute."). Thus, Florida's failure to treat a plea of nolo contendere as a conviction is irrelevant to our determination of whether Wright's 1991 nolo contendere plea constitutes a conviction for purposes of a sentencing enhancement under § 841. The issue, rather, is whether the plea of nolo contendere is a prior conviction as that term is defined under federal law.

We had occasion to define the meaning of "conviction" as the term is used in § 841 in *Campbell*, in which we held that a sentence of probation, entered without an adjudication of guilt, was a "conviction" for purposes of § 841. *See id.* at 250-51. We did not address, however, whether a plea of nolo contendere is outside the scope of "conviction" as the term is used in § 841.

In resolving this issue, we are guided by the United States Supreme Court's prior analysis of the meaning of "conviction." In defining "conviction," the United States Supreme Court has focused on the text

---

[6]Wright argues the applicability of Florida law to the definition of "conviction" because his 1991 arrest and conviction took place in Dade County, Florida.

[7]Even if we applied Florida law to determine the meaning of conviction, *Garron v. Florida*, 528 So.2d 353, 360-61 (Fla. 1988), would not aid Wright because that case held that a plea of nolo contendere, where adjudication was withheld, is not a "conviction" for purposes of a capital sentencing proceeding. Wright's adjudication was not withheld. *See infra* at 14. Accordingly, *Garron* is inapplicable to Wright's offense.

of the statute and the entry of judgment and sentencing to determine whether a prior offense constitutes a "conviction." *See Dickerson v. New Banner Inst., Inc.*, 460 U.S. 103, 110-15 (1983) (defining "conviction" in the context of 18 U.S.C.A. § 922(g) and (h), which prohibit a "convicted" felon from possessing a firearm). In *Dickerson*, the Supreme Court reasoned that a plea of guilty to a kidnapping charge resulting in a deferred probationary sentence was nevertheless a "conviction" under § 922. *See id.* at 114. The Court stated that although the definition of "conviction" may vary according to its use in different federal statutes, the entry of formal judgment typically establishes that the prior plea was a "conviction," absent language in the relevant statute defining "conviction" more narrowly. *See id.* at 113 n.6. The Court distinguished *Lott v. United States*, 367 U.S. 421 (1961), in which the Supreme Court had held that a plea of nolo contendere was not a "conviction" because it had not resulted in the entry of final judgment and was being reviewed within a time frame in which the defendant had the ability to withdraw the plea. *See Dickerson*, 460 U.S. at 113 n.7. From its discussion of *Lott*, the Court made clear that the relevant inquiry in defining the term "conviction" is not the nature of the plea entered by the defendant but rather the entry of final judgment of guilt and the imposition of a sentence indicating the defendant's guilt. *See id.*

Although Wright entered a plea of nolo contendere, the state circuit court for Dade County, Florida, formally entered judgment of guilt against Wright and sentenced him to time served, two years probation, and a $225 fine.[8] Additionally, as with § 922, the text of § 814

---

[8]Wright argues that no formal adjudication was entered against him, but his argument is unavailing because the state court's order of probation contains separate sections for "Judgment of Guilt" and for "Order Withholding Adjudication." (J.A. at 51G). The state court completed the section for "Judgment of Guilt" and sentenced Wright under that section to time served, two years of probation, and a $225 fine, whereas it left blank the section for "Order Withholding Adjudication." It is clear, therefore, from the state court's order that the state court entered judgment against Wright. Regardless, however, of whether adjudication was entered against Wright, his sentence of probation indicates that he was convicted. *See Dickerson v. New Banner Inst., Inc.*, 460 U.S. 103, 113-14 (1983) ("[O]ne cannot be placed on probation if the court does not deem him to be guilty of a crime. . . ."); *see also United States v. Mejias*, 47 F.3d 401, 404 (11th Cir. 1995) (holding that a plea of nolo contendere to a state felony charge constitutes a conviction for purposes of § 841, despite the fact that adjudication was withheld).

does not indicate any congressional intent to limit the scope of the term "conviction" within that statute so as to exclude those pleas that result in the entry of a formal judgment. Accordingly, under the Supreme Court's reasoning in *Dickerson* and our holding in *Campbell*, we hold that the district court correctly concluded that Wright's 1991 plea of nolo contendere, which resulted in the entry of a formal judgment of guilt and a sentence of time served, two years probation, and a $225 fine, constitutes a "conviction" as that term is used in § 841.

### B.

Finally, Wright argues that the evidence presented at sentencing was insufficient to prove that his prior conviction was drug-related and, therefore, an enhancement under § 841 is not warranted. Wright contends that he was charged and convicted under a general conspiracy statute. Because a general conspiracy offense does not include a drug component as an element of the offense, Wright argues that his conspiracy conviction is not drug-related. Wright's argument that he was charged and convicted only under the general conspiracy statute and not a drug-related statute ignores all of the charging and conviction documents in the record. The amended information charged Wright with conspiracy to traffic in cocaine in violation of Fla. Stat. Ann. §§ 777.04 and 893.135. Section 777.04 is a general conspiracy statute, whereas § 893.135 makes drug-trafficking a "felony of the first degree." Similarly, the order of probation states that Wright entered a plea of nolo contendere to the offense of "conspiracy to traffic drugs." (J.A. at 51G). Accordingly, we find no support in the record for Wright's allegation that he was not convicted of a drug-related offense. Thus, we uphold the district court's determination that the government produced sufficient evidence of Wright's prior felony drug conviction to warrant the § 841 sentencing enhancement.

### IV.

In conclusion, we reject Wright's various arguments that a sentencing enhancement under § 841 for his prior felony drug conviction was not warranted. For the reasons stated, we affirm Wright's sentence.

*AFFIRMED*