UNITED STATES of America, Plaintiff—Appellee,

v.

Thomas Eric CONMY, Defendant— Appellant.

No. 06–10691.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 22, 2007.*

Filed Nov. 20, 2007.

William N. Reed, Esq., Watkins, Ludlam & Stennis, Jackson, MS, for Plaintiff–Appellee.

Arthur L. Allen, Esq., Federal Public Defender's Office, Las Vegas, NV, for Defendant–Appellant.

Before: B. FLETCHER, WARDLAW, and IKUTA, Circuit Judges.

MEMORANDUM **

Thomas Eric Conmy appeals from the life sentence imposed following his jury-trial conviction for possession with intent to distribute a controlled substance in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(viii), manufacture of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1)

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

and (b)(1)(A)(viii), and possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Conmy contends that the district court erred in sentencing him to a mandatory term of life imprisonment because the government, after filing an information to establish prior convictions pursuant to 21 U.S.C. § 851(a), failed to submit proper proof that one of the prior convictions was a felony drug offense as defined in 21 U.S.C. §§ 841 and 802. Because Conmy failed to challenge the prior conviction in the district court as required by 21 U.S.C. § 851(c), we conclude that he has now waived the right to make that challenge. *United States v. Stephens,* 35 F.3d 451, 453 (9th Cir.1994).

We decline to address Conmy's claim of ineffective assistance of counsel on direct appeal. *See United States v. Ross,* 206 F.3d 896, 900 (9th Cir.2000) (explaining that the normal method for raising claims of ineffective assistance of counsel is through habeas corpus proceedings).

**AFFIRMED.**