**Electronically Filed**
**Supreme Court**
**SCAD-25-0000205**
**30-SEP-2025**
**12:17 PM**
**Dkt. 15 ORD**

SCAD-25-0000205

IN THE SUPREME COURT OF THE STATE OF HAWAIʻI

_____

OFFICE OF DISCIPLINARY COUNSEL,
Petitioner,

vs.

DONNA Y.L. LEONG (BAR NO. 3226),
Respondent.

_____

ORIGINAL PROCEEDING
(ODC Case No. 19-0023)

<u>ORDER</u>
(By: Recktenwald, C.J., McKenna, Eddins, and Ginoza, JJ.,
and Intermediate Court of Appeals Associate Judge McCullen,
in place of Devens, J., recused; and
Concurrence of McKenna, J., in which Eddins, J., joins)

In the instant petition, the Office of Disciplinary

Counsel (ODC) seeks an order immediately restraining Respondent

Donna Y.L. Leong (Respondent) from the practice of law pursuant

to Rules of the Supreme Court of the State of Hawaiʻi (RSCH) Rule

2.13.  As discussed below, we deny the petition.

**I.    Background**

This matter arises from a federal criminal case

regarding an agreement between Respondent, as then-Corporation

Counsel for the City and County of Honolulu (City), then-Honolulu Police Commission (Commission) chair Max Sword (Sword), and then-City Managing Director Roy Amemiya (Amemiya) for the retirement of and $250,000 payment to then-Honolulu Police Department Chief Louis Kealoha (Chief Kealoha).

On March 17, 2022, the government filed in the United States District Court, District of Hawaii (U.S. District Court) a First Superseding Indictment in Case No. 1:21-cr-00142-LEK (Criminal Case), charging Respondent, in six felony counts, with conspiracy to commit fraud offenses, and making false statements.

Nearly three years later, on March 3, 2025, a Superseding Information was filed in the Criminal Case, charging Respondent, Sword, and Amemiya with one count of conspiracy to deprive rights under color of law. Specifically, the government alleged that Respondent, Sword, and Amemiya, while acting under color of law, knowingly and willfully combined, conspired, and agreed "with each other and with others to deprive the residents of Honolulu, Hawaii, of the rights secured and protected by the Constitution and laws of the United States, namely, the right to procedural due process, in violation of" 18 U.S.C. §§ 371[1] and

_____

[1] 18 U.S.C. § 371 provides:

2

242.[2]  This offense is a misdemeanor.  <u>See</u> 18 U.S.C. § 3559(a)(6).

The next day, March 4, 2025, a Memorandum of Plea Agreement (Plea Agreement) was filed in the Criminal Case. Pursuant to the Plea Agreement, Respondent agreed to plead guilty to the misdemeanor charge in the Superseding Information, and the government agreed to move to dismiss all six felony charges in the First Superseding Indictment.

Also on March 4, 2025, Respondent pled guilty to the misdemeanor charge in the Superseding Information, and the U.S. District Court granted the government's motion to dismiss the First Superseding Indictment.

---

> If two or more persons conspire either to commit any offense against the United States, or to defraud the United States, or any agency thereof in any manner or for any purpose, and one or more of such persons do any act to effect the object of the conspiracy, each shall be fined under this title or imprisoned not more than five years, or both.
>
> If, however, the offense, the commission of which is the object of the conspiracy, is a misdemeanor only, the punishment for such conspiracy shall not exceed the maximum punishment provided for such misdemeanor.

[2]  18 U.S.C. § 242 provides, in relevant part:

> Whoever, under color of any law, statute, ordinance, regulation, or custom, willfully subjects any person in any State, Territory, Commonwealth, Possession, or District to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States, or to different punishments, pains, or penalties, on account of such person being an alien, or by reason of his color, or race, than are prescribed for the punishment of citizens, shall be fined under this title or imprisoned not more than one year, or both[.]

On March 5, 2025, the U.S. District Court entered a judgment (1) adjudging Respondent guilty of the misdemeanor count in the Superseding Information, (2) dismissing all six counts in the First Superseding Indictment, (3) sentencing Respondent to one year of supervised release, and (4) ordering she pay $100,000 in restitution to the City.

On March 20, 2025, ODC filed the instant petition for the immediate restraint of Respondent from the practice of law under RSCH Rule 2.13,[3] on the basis that the offense to which

---

[3] RSCH Rule 2.13 provides, in relevant part:

**2.13. Attorneys convicted of crimes.**
**(a)** Upon learning an attorney has been found guilty of a crime that:
. . .
(3) involves <u>dishonesty or false statement</u>,
Counsel shall obtain proof of the finding of guilt and file it with the Board and with the clerk of the supreme court. For purposes of this Rule, a finding of guilt is a verdict or judgment of guilty, a guilty plea, or a no contest plea. . . .

**(b)** When proof of a finding of guilt is filed with the supreme court, the court may issue an order providing the attorney the opportunity to respond within 20 days of the service of the order upon the attorney, informing the supreme court as to why the attorney should not be immediately suspended. Manner of service shall be at the discretion of the supreme court. However, the supreme court may enter an order immediately restraining the attorney from the practice of law, pending final disposition of a disciplinary proceeding based on the finding of guilt.

**(c)** The supreme court may set aside such order restraining the attorney from the practice of law in the interest of justice and for good cause shown. An order restraining an attorney from the practice of law shall not constitute a suspension of the attorney for the purposes of Rule 2.16 of these Rules unless the supreme court so orders.

4

Respondent pled guilty is a crime that involves dishonesty or false statement.  ODC also asks the court to, pursuant to RSCH Rule 2.13(d), refer the matter to the Disciplinary Board of the Hawaiʻi Supreme Court for institution of a formal proceeding in which the sole issue to be determined shall be the discipline to be imposed.  ODC recites the count to which Respondent pled

**(d)**    When proof of a finding of guilt is filed with the supreme court, the supreme court shall refer the matter to the Board for institution of a formal proceeding in which the sole issue to be determined shall be the discipline to be imposed.  Such a disciplinary proceeding shall not be brought to hearing until the conviction is final, unless the respondent requests that the proceeding continue.  For purposes of this Rule, a conviction is deemed final when:

(1)    the availability of appeal has been exhausted and the time for filing a petition for certiorari in the United States Supreme Court on direct review of the judgment of conviction has elapsed and no petition has been filed or the petition has been denied; or

(2)    the judgment of conviction has been affirmed.

**(e)**    The final conviction of an attorney for any crime shall be conclusive evidence of the commission of that crime in any disciplinary proceeding instituted against the attorney based upon the conviction.

**(f)**    If an attorney suspended solely under the provisions of paragraph (b) above demonstrates to the supreme court that the underlying finding of guilt has been reversed or vacated, the order for interim suspension shall be vacated and, upon payment of all required registration fees, the attorney may be placed on active status.  Vacation of the interim suspension will not automatically prohibit or terminate any formal proceeding against the attorney and disposition of any formal proceeding against the attorney must be on the basis of the available evidence other than the finding of guilt.

(Emphasis added.)

5

guilty but does not otherwise explain how the offense constitutes a crime that involves dishonesty or false statement.

On March 24, 2025, the court ordered Respondent to file a response regarding any reasons why she should not be immediately restrained and suspended from the practice of law.

On April 25, 2025, Respondent filed a response. ODC did not seek to file a reply. It is undisputed that Respondent does not currently represent clients or practice law in any capacity, as her law license has been on voluntary inactive status.

## II. Discussion

Based on the record before this court, we cannot conclude that the offense to which Respondent pled guilty involved "dishonesty or false statement." See RSCH Rule 2.13(a)(3).

Preliminarily, the RSCH does not describe crimes involving "dishonesty," and we have not opined on the term in the context of RSCH Rule 2.13. Black's Law Dictionary defines "dishonesty" as "[d]eceitfulness as a character trait; behavior that deceives or cheats people; untruthfulness; untrustworthiness." Black's Law Dictionary 589 (12th ed. 2024).

Here, the record before us does not establish that the subject offense involves dishonesty or false statements. We

6

initially note that a conviction of the subject offense does not necessarily require conduct involving dishonesty or false statements. Again, Respondent pled guilty to conspiracy to violate 18 U.S.C. § 242 (deprivation of rights under color of law), in violation of 18 U.S.C. § 371 (conspiracy). As set forth in the Plea Agreement, the elements of the conspiracy offense in violation of 18 U.S.C. § 371 comprise: (1) an agreement between at least two persons to violate 18 U.S.C. § 242; (2) Respondent's membership in the agreement, with knowledge of at least one of its objects and intent to help accomplish it; and (3) the commission of an overt act by any conspirator, for the purpose of carrying out the conspiracy.[4] As also stated in the Plea Agreement, the elements of 18 U.S.C. § 242 are that Respondent: (1) deprived an individual in the City of a right protected or secured by the Constitution or laws of the United States; (2) was acting under color of law; and (3) acted willfully.[5]

---

[4] See also United States v. Kaplan, 836 F.3d 1199, 1212 (9th Cir. 2016) ("To prove a conspiracy under 18 U.S.C. § 371, the government must establish three elements: '(1) an agreement to engage in criminal activity, (2) one or more overt acts taken to implement the agreement, and (3) the requisite intent to commit the substantive crime.'" (citation omitted)).

[5] See also United States v. Moore, 708 F.3d 639, 645 (5th Cir. 2013) ("To prove a violation of Section 242, the government must prove beyond a reasonable doubt that the defendant: (1) willfully; (2) deprived another of a federal right; (3) under color of law.").

"A conspiracy conviction requires proof of the same degree of intent as that required for the substantive offense." United States v. Avery, 15 F.3d 816, 818 (9th Cir. 1993). Here, the intent required by the underlying substantive offense, 18 U.S.C. § 242, is "willfully." See 18 U.S.C. § 242. To act willfully under § 242 is to "act in open defiance or reckless disregard of a constitutional requirement that has been made specific and definite." United States v. Reese, 2 F.3d 870, 881 (9th Cir. 1993) (quoting Screws v. United States, 325 U.S. 91, 105 (1945)) (emphasis in Reese). "[O]ne may act with the specific intent to violate a constitutional right without 'thinking in constitutional terms'; that is, . . . one may have 'the purpose to deprive [another] of a constitutional right' without knowing that the Constitution guarantees any such right." Id. Based on the foregoing elements, we do not discern that the offense of conspiracy to violate 18 U.S.C. § 242, in violation of 18 U.S.C. § 371, necessarily requires conduct involving dishonesty or false statement.

Neither does the Plea Agreement's factual basis expressly reflect conduct involving dishonesty or false statements. As stated in the Plea Agreement, Respondent admitted that the government could prove the following facts beyond a reasonable doubt: (a) while acting under color of law

8

as Corporation Counsel for the City, Respondent "knowingly and willfully conspired with others," including Sword and Amemiya, to reach an agreement for Chief Kealoha's retirement – "which has been determined by the Court to be a settlement agreement" – without first presenting the agreement to the Honolulu City Council for approval pursuant to the Revised Ordinances of Honolulu (ROH); (b) in furtherance of the conspiracy, the Commission, led by Sword, together with Respondent and Amemiya, reached an agreement for Chief Kealoha – "determined by the Court to be a settlement agreement" – that included a $250,000 payment to Chief Kealoha from the City's budget without first seeking and receiving City Council approval, "which the Court has determined was required pursuant to the ROH," (c) pursuant to the agreement, the City issued a $250,000 payment to Chief Kealoha, and (d) in reaching the agreement, Respondent violated the procedural due process rights of the City's citizens by depriving them of the right to a hearing and approval of the use of City funds by the City Council. Absent any statement indicating that Respondent deceived or intended to deceive the City Council or the public or engaged in any untruthfulness, the factual basis underlying Respondent's guilty plea does not support a finding that the crime in this particular case involved dishonesty or false statements.

9

On the record presented here by ODC, we cannot conclude that the misdemeanor to which Respondent pled guilty involved dishonesty or false statements, as required to trigger the specific relief requested by ODC under RSCH Rule 2.13.

Therefore, IT IS HEREBY ORDERED that the petition is denied.

DATED:  Honolulu, Hawaiʻi, September 30, 2025.

/s/ Mark E. Recktenwald

/s/ Sabrina S. McKenna

/s/ Todd W. Eddins

/s/ Lisa M. Ginoza

/s/ Sonja M.P. McCullen

10